IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT COURT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In re:<br><br>RODNEY ALLEN MCCOWAN,<br><br>*Debtor.* | Case No. 09-10347-8-JRL<br><br>Chapter 11 |

**BANK OF AMERICA, N.A.'S OBJECTION
TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION**

Bank of America, N.A. (the "Bank") objects to Confirmation of the Debtor's Plan of Reorganization filed on March 1, 2010 (the "Plan") and respectfully shows the Court the following in support thereof:

1. On November 30, 2009 (the "Petition Date"), the Debtor filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code.

2. The Bank holds a secured claim against the Debtor as evidenced by the Proof of Claim filed in this case on April 1, 2010 (the "Proof of Claim"). As set forth in the Proof of Claim, as of the Petition Date, $1,423,001.04 was due under the Promissory Note dated April 5, 2002 executed by the Debtor and Laurie McCowan (now known as Laurie Hayakawa) ("Hayakawa") for the benefit of the Bank (as amended to date, the "Note").

3. The Bank is the holder of a Deed of Trust executed by the Debtor and Hayakawa for the benefit of the Bank dated April 5, 2002 and recorded on April 5, 2002 in Book 3407 at Page 825 of the Durham County Register of Deeds (the "Deed of Trust") encumbering the real property owned by the Debtor and located at 222 Tennwood Court, Durham, North Carolina (the "Real Property"), which serves as security for the Note.

\11111864.1

4. Prior to the Petition Date, the Debtor and Hayakawa defaulted on the Note and the Bank commenced foreclosure on the Deed of Trust. A foreclosure hearing was held on October 27, 2009, pursuant to which the Clerk of the Durham County Superior Court entered an Order Authorizing Sale of the Real Property and made certain conclusions of law, including but not limited to, the conclusions that the Bank is the owner and holder of a valid indebtedness and that the Debtor and Hayakawa are in default for failure to make monthly payments when due and for the failure to pay the full amount of the indebtedness upon demand by the Bank.

5. In the Debtor's Chapter 11 Petition filed on November 30, 2009 (the "Petition"), the Debtor alleges that the Real Property has a value of $1,450,000.00. In the Plan filed three months later, the Debtor alleges that the Real Property has a value of approximately $870,000.00 with no explanation or support for the precipitous drop in the value. The Bank contests this valuation and reserves the right to present evidence supporting the fair market value of the Real Property at the confirmation hearing.

6. According to the Petition, the Debtor currently resides in San Jose, California. Upon information and belief, the Real Property is vacant and produces no income for the Debtor.

7. The Bank's first priority secured claim on the Real Property as of the Petition Date was $1,423,001.04. According to the Petition, (i) the 2009 taxes on the Real Property payable to the County of Durham are delinquent as of the Petition Date in the amount of $25,846.00; (ii) Wachovia Bank, N.A.'s second priority secured claim on the Real Property as of the Petition Date was approximately $506,224.84; and (iii) Bank of America, N.A.'s third priority secured claim on the Real Property as of the Petition Date was approximately $47,737.00. There is no equity in the Real Property.

8. The Debtor treats the Bank as a Class 5 and Class 9 claimant in the Plan.

\11111864.1

9. The Class 5 treatment under the Plan attempts to reduce the Bank's allowed secured claim on the Real Property from $1,423,001.04 to $870,000.00. The Plan proposes to amortize the claim over 30 years at a fixed interest rate of 5% per annum.

10. The Debtor proposes to include any allowed claim of Class 5 in excess of $870,000.00 in Class 9, which is comprised of all Allowed Unsecured Claims. The Debtor proposes to make 20 quarterly payments of $2,400.00 to Class 9, with the first such payment due August 1, 2010.

11. Contemporaneously herewith, the Bank is submitting a ballot rejecting the Plan.

12. The Plan proponent bears the burden of establishing that the Plan complies with the requirements of 11 U.S.C. § 1129. In the instant case, the Debtor cannot satisfy his burden for confirmation, and the Bank objects to confirmation for the following reasons:

(a) The Plan fails to satisfy 11 U.S.C. § 1129(a)(7)(A)(ii) of the Bankruptcy Code in that the Bank will not receive or retain under the Plan an amount at least equal to the amount the Bank would have received in Chapter 7;

(b) The Plan fails to satisfy 11 U.S.C. § 1129(a)(8) of the Bankruptcy Code in that the Bank will be impaired by the Plan;

(c) The Debtor proposes to amortize a portion of the Bank's secured claim over a period of thirty (30) years at a 5% fixed rate of interest. The Bank objects to confirmation of the Plan because it fails to pay the Bank's secured claim at an appropriate rate of interest that provides the Bank with the present value of its collateral. S*ee Till v. SCS Credit Corp.*, 541 U.S. 465,124 S. Ct. 1951, 158 L. Ed. 2d 787 (2004);

(d) In the Petition dated November 30, 2009, the Debtor stated that the Real Property had a value of $1,450,000.00. In the Plan dated March 1, 2010, the Debtor stated that the Real Property has a value of $870,000.00. Under Article VIII of the Plan,

3

(e) Upon information and belief, the Real Property is vacant, it produces no income for the Debtor, and there is no equity in the Real Property. According to the Plan, the Real Property will not be used for any purpose in the reorganization except to secure a fraction of the Bank's claim;

(f) Article IX of the Plan provides that the Debtor shall make 20 quarterly payments of $2,400.00 to all claimants under Class 9 for a total of $48,000.00 in payments. If the Debtor's plan is approved as it is currently proposed, over $500,000.00 of the Bank's claim will be unsecured. The proposal set forth in Article IX is not fair and equitable;

(g) The Plan does not provide sufficient provisions related to events of default and remedies for failure to comply with the Plan; and

(h) Such other reasons as may be discovered or appear at the confirmation hearing.

WHEREFORE, the Bank respectfully requests that the Court:

1. Hold a hearing on the Bank's Objection;

2. Deny confirmation of the Plan; and

3. Grant the Bank such additional relief as it may be entitled to under the facts and applicable law.

This 16th day of April, 2010.

                                                   */s/ Scott P. Vaughn*
Scott P. Vaughn
Bar Number 13741
Meredith G. Stone
Bar Number 37074
*Attorneys for Bank of America, N.A.*
McGuireWoods LLP
201 North Tryon Street (PO Box 31247)
Charlotte, NC  28202 (28231)
Telephone:  (704) 343-2000
Facsimile:  (704) 343-2300
spvaughn@mcguirewoods.com

\11111864.1

# CERTIFICATE OF SERVICE

I hereby certify that **BANK OF AMERICA, N.A.'S OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION** has been served by electronic notice or mailing a copy thereof, first class U.S. mail, postage prepaid to the following:

Rodney Allen McCowan
PO Box 90102
Raleigh, NC 27675

BMW Financial Services NA LLC
Hale, Dewey & Knight, PLLC
88 Union Avenue, Suite
Memphis, TN 38103-5126

Bank of America, N.A.
c/o Scott P. Vaughn
McGuireWoods LLP
PO Box 31247
Charlotte, NC 28231-1247

Bill Janvier
Everett, Gaskins, Hancock, & Stevens
127 West Hargett Street, Suite 600
Raleigh, NC 27601

Recovery Management Systems Corporation
Attn: Michael A. DeGiovanni
25 S. E. Second Avenue
Ingraham Building, Ste. 1120
Miami, FL 33151-1605

Wachovia Bank, N. A.
P.O. Box 13765-R4057-01P
Roanoke, Va 24037-3765

Bankruptcy Administrator
434 Fayetteville St. Mall, Ste. 620
Raleigh, NC 27601-1888

AAC Credit Union
Attn: Managing Agent
904 Broadway Avenue NW
Grand Rapids, MI 49504-4477

Absolute Collection Services
Attn: Managing Agent
421 Fayetteville Street Mall #600
Raleigh, NC 27601-1777

U. S. Bankruptcy Court
1760 A Parkwood Blvd.
Wilson, NC 27893-3588

American Express
Attn: Managing Agent
PO Box 650448
Dallas, TX 75265-0448

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

Alice Marie Crawford
7501 SW Cherokee Ave.
Lawton, OK 73505-6412

Bald Head Association
Attn: Managing Agent
PO Box 3030
Southport, NC 28461-7000

Bank of America
Attn: Managing Agent
101 North Tryon Street
Charlotte, NC 28255-0001

BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

Bank of America
Attn: Managing Agent
PO Box 21848
Greensboro, NC 27420-1848

Bank of America
PO Box 537102
Atlanta, GA 30353-7102

Bank of America
Attn: Managing Agent
475 CrossPoint Parkway, PO Box 9000
Getzville, NY 14068-9000

Bank of America Visa
Attn: Managing Agent
PO Box 15019
Wilmington, DE 19886-5019

Barry Mann
Mannin, Fulton & Skinner
PO Box 20389
Raleigh, NC 27619-0389

Bank of America Line of Credit
Attn: Managing Agent
PO Box 15019
Wilmington, DE 19886-5019

Brunswick County Revenue
Attention: J Therrien
P.O. Box 29
Bolivia, NC 28422-0029

Chase / Circuit City
Attn: Managing Agent
800 Brooksedge Boulevard
Columbus, OH 43081-2822

6

\11111864.1

| | | |
|---|---|---|
| Brandon McCowan<br>PO Box 90102<br>Raleigh, NC 27675-0102 | County of Brunswick<br>Attn: Managing Agent<br>PO Box 29<br>Bolivia, NC 28422-0029 | County of Durham<br>Attn: Managing Agent<br>Post Office Box 3397<br>Durham, NC 27702-3397 |
| Corning FCU<br>Attn: Managing Agent<br>One Credit Union Plaza<br>Corning, NY 14830-2857 | DISCOVER BANK<br>DFS Services LLC<br>PO Box 3025<br>New Albany, Ohio 43054-3025 | Direct Loans<br>Attn: Managing Agent<br>PO Box 7202<br>Utica, NY 13504-7202 |
| Credit Collection Service<br>Two Wells Avenue<br>Dept. 9134<br>Newton Center, MA 02459-3208 | | |

    This 16th day of April, 2010.

                                                    /s/ *Scott P. Vaughn*
                                                    Scott P. Vaughn

\11111864.1