UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| McCOWAN, RODNEY ALLEN, | CASE NO. 09-10347-8-SWH |
| Debtor. | |

TRUSTEE'S MOTION TO REVOKE ABANDONMENT
OF REAL PROPERTY

NOW COMES Gregory B. Crampton, Chapter 7 Trustee in the above-captioned case ("Trustee"), by and through undersigned, and hereby moves the Court, pursuant to 11 U.S.C. § 105, Rule 60 of the Federal Rules of Civil Procedure (specifically including, without limitation, Rule 60(b)(6)), and the inherent powers of the Court, for an Order revoking the Trustee's abandonment of certain real property owned by the Debtor known as 1211 Champions Pointe Drive, Durham, North Carolina 27715.  In support thereof, the Trustee shows the Court as follows:

1.     Rodney Allen McCowan (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 30, 2009, and the case was converted to Chapter 7 on August 4, 2010.

2.     Gregory B. Crampton was appointed as Trustee of the Debtor's Chapter 7 bankruptcy case by Order entered August 10, 2010.

3.     On February 16, 2011, the Court entered a Final Decree and the case was closed and the Trustee was discharged from his duties as Trustee.

4.     On September 13, 2017, the Court entered an Order Reopening Case pursuant to § 350(b) of the Bankruptcy Code, and the Trustee was reappointed as Chapter 7 Trustee and is qualified and now acting as such Trustee.  A copy of the September 13, 2017 Order Reopening Case is attached hereto as Exhibit "A" and fully incorporated herein by reference.

5.     On "Schedule A - Real Property" filed with the Court on December 21, 2009, the Debtor listed 1211 Champions Point Drive, Durham, North Carolina 27715 (the "Real Property") as an asset with a value of $90,000.00.  The Debtor's Schedule A also stated that the Real Property secured a $272,604.00 debt owed by the Debtor.

6.     On "Schedule D - Creditors Holding Secured Claims" filed with the Court on December 21, 2009, the Debtor listed Bank of America, N.A. ("Bank of America") as having a secured claim in the Real Property in the amount of $268,121.00 with the nature of the lien being a primary mortgage.  The Debtor's Schedule D also stated that the Real Property had a value of $90,000.00.

1

7. On March 1, 2010, the Debtor filed a Chapter 11 Plan and a Disclosure Statement. The Debtor's Chapter 11 Plan created a separate class for the secured claim purportedly held by Bank of America, N.A. against the Debtor and the Real Property. In pertinent part, the Chapter 11 Plan provided as follows:

"ARTICLE VIII
TREATMENT OF ALLOWED SECURED CLAIMS OFBANK OF AMERICA
FOR CHAMPIONS POINT
(Class 4 Claims)

8.1 Description of Classes. Class 4 is comprised of all Allowed Secured Claims of Bank of America Secured by the Debtor's real property on Champion Point Drive (the "Champions Point Property"). Bank of America holds the primary mortgage in the approximate amount of $268,121.00. On February 2, 2010, the Champions Point Property appraised for $248,000.00.

8.2 Treatment of Claims. Confirmation of the Plan shall act as an abandonment of the Debtor's interest in the Champions Point Property. The Debtor anticipates that Laurie Hayakawa, the co-owner and occupant of the property, will continue to pay this secured debt.

8.3 Impairment Status. Class 4 Claims are impaired under the Plan."

8. The Debtor's Chapter 11 bankruptcy case was converted to one under Chapter 7 of the Bankruptcy Code on August 4, 2010, and Mr. Crampton was appointed Chapter 7 Trustee on August 10, 2010.

9. On August 28, 2010, BAC Home Loans Servicing, LP fka Countrywide Home ("BAC") filed Proof of Claim No. 13 with the Court in the amount of $288,121.37 ("BAC Proof of Claim"). The BAC Proof of Claim stated that the $288,121.37 claim amount was secured by the Real Property. The BAC Proof of Claim attached a Deed of Trust recorded on February 24, 2003 in Book 3782, Page 649, Durham County Registry ("Deed of Trust") as proof of the secured claim. The Deed of Trust described the Real Property as the collateral securing obligations owed by the Debtor to Bank of America, N.A. The BAC Proof of Claim also included as supporting documentation a Promissory Note dated February 21, 2003 executed by the Debtor in favor of Bank of America, N.A. in the amount of $292,820.97.

10. On January 28, 2011, the Chapter 7 Trustee filed a Notice of Trustee's Intent to Abandon Property (Dkt. 123) ("Notice of Abandonment") in which the Trustee provided notice of his intent to abandon the Real Property and stated as follows: "*(Scheduled value $90,000, Debtor testified at 341 value $240,000 - $250,000; lienholders Bank of America, $268,121 and Durham County $4,483; no realizable value).*" No objections to the Notice of Abandonment were filed and the Real Property was deemed abandoned.

11. On information and belief, the prior representations and filings made by and on behalf of the Debtor and BAC regarding BAC's purported security interest in the Real Property were incorrect. A Certificate of Satisfaction, together with an Affidavit of Lost Note, signed by Suzanne M. Haumesser, Senior Vice President of Bank of America, N.A. was recorded on June 27, 2003 in Book 3970, Page 944, Durham County Registry, cancelling of record the Deed of Trust. The Affidavit of Lost Note accompanying the Certificate of Satisfaction provides that the Note or other indebtedness was lost and thus satisfied, thus requiring the recordation of the Certificate of Cancellation. A copy of the Certificate of Satisfaction and Affidavit of Lost Note is attached hereto as Exhibit "B".

12. The Notice of Abandonment was in error and mistakenly filed by the Chapter 7 Trustee based on his reliance on the representations that BAC held a perfected security interest in the Real Property made both (i) by the Debtor in his Schedules, filed under penalty of perjury, and in his proposed Plan of Reorganization, and (ii) by BAC in its filed Proof of Claim No. 13, submitted subject to the penalty for fraudulent claims pursuant to 18 U.S.C. §§ 152 and 3571. BAC did not have a perfected security interest in the Real Property and the Real Property should not have been abandoned.

**WHEREFORE**, the Trustee respectfully requests that the Court:

1. Revoke the Chapter 7 Trustee's prior abandonment of real property located at 1211 Champions Point Drive, Durham, North Carolina 27715 so that such real property can be administered in the bankruptcy case; and

2. Grant such other relief as the Court deems just and proper.

This the 29th day of September, 2017.

*s/ Gregory B. Crampton*
Gregory B. Crampton
State Bar No. 991
Steven C. Newton, II
State Bar No. 44656
NICHOLLS & CRAMPTON, P.A.
3700 Glenwood Avenue, Suite 500
Raleigh, North Carolina 27612
(919) 781-1311
Attorneys for the Trustee

EXHIBIT "A"

**SO ORDERED.**

**SIGNED this 13 day of September, 2017.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **RODNEY ALLEN MCCOWAN** | **09-10347-8-SWH**<br>**CHAPTER 7** |
| **DEBTOR** | |

## ORDER REOPENING CASE

The matter before the court is the Motion to Reopen Case and Stay State Court Proceedings filed by the chapter 7 debtor, Rodney Allen McCowan. A hearing took place in Raleigh, North Carolina on July 11, 2017.

Mr. McCowan filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 30, 2009. Mr. McCowan's Schedule A listed as an asset his interest in real property located at 1211 Champions Pointe Drive, Durham, North Carolina 27715 (the "Property") with a value of $90,000. Dkt. 20 at 3. Schedule A also indicated that the Property was occupied by Mr. McCowan's former spouse. Mr. McCowan's Schedule D identified a deed of trust on the Property held by Bank of America in the amount of $268,121. Dkt. 20 at 13.

Mr. McCowan converted his case from chapter 11 to chapter 7 on August 4, 2010. Dkt. 98. When the case was converted, Gregory B. Crampton was appointed trustee. Dkt. 107. On January 28, 2011, Mr. Crampton filed a Notice of Abandonment, indicating his intent to abandon all of Mr. McCowan's scheduled real property, including the Property. Dkt. 123. With respect to the Property, the Notice of Abandonment provides as follows:

> Real property located at 1211 Champions Point Drive, Durham, NC 27712 (*Scheduled value $90,000, Debtor testified at 341 value $240,000 - $250,000; lienholders Bank of America, $268,121 and Durham County $4,483; no realizable value*).

Dkt. 123 at 1, ¶ 3. No objections were filed, and the Property was deemed abandoned. The Final Decree was entered on February 16, 2011, discharging the trustee and closing the case.[1] Dkt. 128.

On June 22, 2017, Mr. McCowan filed the Motion to Reopen, indicating that Bank of America had filed suit against Mr. McCowan in the North Carolina Superior Court in Durham County seeking a judgment against Mr. McCowan and an equitable lien on the Property.[2] Dkt. 129. While the facts have not been fully established, it appears that at the time Mr. McCowan filed his bankruptcy petition, Bank of America did not hold a perfected deed of trust on the Property. As of the date of the hearing, Mr. McCowan took the position that the bankruptcy case should be reopened so that the trustee could administer the Property as an asset of the estate. Bank of America maintained that once the Property was abandoned, it could not be "un-abandoned" and the bankruptcy estate has no interest in the Property.

At the hearing, the court indicated that it would only reopen the case if it would not be futile to do so; that is, if the Property cannot be "un-abandoned" as a matter of law, then the motion would be disallowed. The court took the matter under advisement, but issued a stay of the pending state court proceeding in the interim. Dkt. 140. Thereafter, the parties requested the court to delay its ruling while they attempted to resolve the matter. The court held a status conference on August 31, 2017, during which it became apparent that a decision on the motion to reopen remained necessary.

## DISCUSSION

"Under § 350(b) of the Bankruptcy Code, there are three conditions in which the court can grant the reopening of a bankruptcy case: to administer assets; to accord relief to the debtor; and for other cause." *In re Parson*, No. 01-73786-SCS, 2007 WL 3306678, *7 (Bankr. E.D. Va. Nov. 6, 2007) (citing *Huennekens v. Greene (In re Dove),* 199 B.R. 342, 345 (Bankr. E.D. Va. 1996)). "Notwithstanding the three prongs of § 350(b), it is axiomatic that the court has final discretion in deciding whether to reopen a case." *Id.* (citing *In re Shelton,* 201 B.R. 147, 151 (Bankr. E.D. Va. 1996)) (additional citations omitted). "[A] court will invoke its discretion and deny the reopening of a bankruptcy case 'where it appears that to do so would be futile and a waste of judicial resources.'" *Id.* (citing *In re Carberry,* 186 B.R. 401, 402 (Bankr. E.D. Va. 1995)).

The court also considers the competing interests that might weigh against reopening a case, including the element of certainty and finality of orders and prejudice to both the debtor and his creditors with respect to actions taken in reliance on those orders. *See generally Reid v. Richardson,* 304 F.2d 351, 355 (4th Cir. 1962). As noted in *Parson*,

> "Before reopening a case, the court should make the threshold determination that one of the three grounds articulated in § 350(b) exists." *In re Lee,* 356 B.R. 177, 180 (Bankr. N.D.W. Va. 2006). Among the factors that courts consider when

---

[1] Mr. McCowan's discharge was entered on November 4, 2010. Dkt. 111.

[2] Bank of America has amended its state court complaint to remove its request for a judgment against Mr. McCowan in light of the discharge of his personal liability on the debt.

making a determination under § 350(b) are the delay between the closing of the case and the motion to reopen as well as the prejudice that it would cause to nonmovant. *See, e.g., Reid,* 304 F.2d at 355; *In re Paul,* 194 B.R. 381, 383 (Bankr. D.S.C. 1995). To grant a motion to reopen "[t]he moving party must demonstrate that there is a compelling cause. There is no cause if reopening would serve no purpose." *Horizon Aviation of Va., Inc. v. Alexander,* 296 B.R. 380, 382 (E.D. Va. 2003) (citing *In re Carberry,* 186 B.R. at 403).

*Parson*, 2007 WL 3306678, *7

At the hearing, the court observed that if the trustee has no ability to revoke the abandonment of an asset, then reopening the case might serve no purpose. Thus, consideration of whether an asset may ever be "un-abandoned" informs the court's decision as to whether the first basis for reopening in § 350(b) exists.

"It is a principle of uniform application that once an asset of the estate has been abandoned by the trustee, it is no longer part of the estate and is effectively beyond the reach and control of the trustee." *In re Sutton*, 10 B.R. 737 (Bankr. E.D. Va. 1981) (citing *In re Polumbo*, 271 F. Supp. 640 (W.D. Va. 1967)). However,

> [t]here are but two principal exceptions to the above-referenced rule of irrevocability of abandonment under applicable law. Property will not be deemed to have been abandoned by the trustee where it was actually concealed from him or where his knowledge of the existence of the property was one of mere suspicion, which engendered only a cursory investigation. The rule also is not applicable in those situations where the property is unscheduled by the debtor, thus preventing the trustee from having "'knowledge, or sufficient means of knowledge, of its existence.'"

*Id.* (citing *LaRoche v. Tarpley*, 4 B.R. 145, 146 (Bankr. M.D. Tenn. 1980); *Dushane v. Beall*, 161 U.S. 513, 516, 16 S. Ct. 637, 639, 40 L. Ed. 791 (1896)).

The law on abandonment (and the ability to revoke an abandonment) dates back to the Bankruptcy Act, and cases under the Act remain instructive. In *In re Lintz West Side Lumber, Inc.*, 655 F.2d 786, 790-91 (7th Cir. 1987), the trustee obtained an order authorizing abandonment of certain property to secured creditors. Several months later, the trustee sought to set aside the order of abandonment after discovering a defect in the financing statement. The court vacated the abandonment, and the circuit court affirmed.[3] The circuit court distinguished cases disallowing the revocation of an abandonment where the trustee later discovered that abandoned property was worth more than expected, as was the case it *Sutton*.

---

[3] This case is procedurally unusual; the bankruptcy judge who entered the abandonment order was elevated to the district court, and entered the order vacating the abandonment as a district court judge. As a result, the initial appeal of that order went to circuit court and not the district court, which typically hears appeals from the bankruptcy court.

3

> In the instant case, however, the trustee is not attempting to reclaim abandoned property which has undergone an unanticipated increase in value or to unfairly prejudice the purported secured party and owner of the property following abandonment. The trustee is merely attempting to correct the erroneous distribution of property by abandonment to a creditor with a security interest which has subsequently been shown to be unperfected throughout. Under these circumstances, where there has been a mistake in the original abandonment and where the purported secured creditor has not been unfairly prejudiced, we do not believe that the bankruptcy judge is precluded from reconsidering the entry of such an order setting aside a prior abandonment order.

*Lintz*, 655 F.2d at 790-91.

*Lintz* is cited favorably in the more recent case of *In re Elsemore*, No. 10-15229-7 (Bankr. E.D. Wisc. April 14, 2011) (unpublished), which noted that reconsideration may be appropriate even where the initial decision to abandon property was not due to inattention or carelessness on the part of the trustee, and where the relevant information was actually available to the trustee. In other words, even where the trustee made a deliberate decision to abandon property, the abandonment can be revoked if the decision was based on a mistake and where there is no unfair prejudice to the debtor or the impacted secured creditor.

Based on the cited case law, it appears that the court could allow a trustee to revoke an abandonment of property under appropriate circumstances. Here, it is not the trustee who seeks to reopen and administer the asset, but the debtor. The trustee was discharged when the final decree was entered in February 2011. He currently has no authority or protection and thus has not evaluated or provided an opinion as to whether the abandonment should be revisited. The court finds that the trustee ought to have an opportunity to review this matter with the imprimatur of the court to determine whether abandonment was in error and whether he wishes to seek revocation of the abandonment.[4] Further, the court is concerned by the events that have transpired since the court first heard this matter, and believes trustee review would be valuable. Given these concerns, the court finds that not only should the case be reopened for the purpose of determining whether there is an asset to administer, but also for "other cause" as contemplated by § 350.

Finally, the court finds no prejudice to Bank of America if the case is reopened. While Bank of America has filed an action to impose a lien on the Property (possibly in reliance on the abandonment, but possibly not given that the complaint initially sought a judgment against Mr. McCowan for the discharged debt), it was that action that prompted Mr. McCowan to seek relief from this court. The time between the closing of the case and the motion to reopen was largely matched by the time between the closing of the case and Bank of America's filing of the state court action. That action, the purpose of which is to grant Bank of America rights that it may not have

---

[4] The court expresses no opinion as to whether the trustee should seek revocation of the abandonment of the Property or whether it would allow the revocation if sought.

4

had when the petition was filed, has been stayed pending resolution of this matter such that no additional costs will be incurred in that litigation while this matter is considered by this court.

Based on the foregoing, and in the court's discretion, the motion to reopen is ALLOWED, and Mr. Crampton will be reappointed as chapter 7 trustee to take whatever action he deems appropriate. The automatic stay is reimposed, and will act as a continuing stay of the state court action.

**END OF DOCUMENT**

EXHIBIT "B"

```
FOR REGISTRATION REGISTER OF DEEDS
         WILLIE L. COVINGTON
          DURHAM COUNTY, NC
       2003 JUN 27 08:43:22 AM
    BK:3970 PG:944-947 FEE:$0.00
       INSTRUMENT # 2003039071
```

## Certificate of Satisfaction

**State of North Carolina**
**County of Durham**
Prepared By: Eileen Newman
Bank of America, 475 CrossPoint Pkwy, Getzville NY 14068
Loan Number: 7022196716
When recorded, mail to:
Rod McCowan

1211 Champions Pt
Durham, NC 277120000

This Certificate of Satisfaction of Deed of Trust is filed pursuant to G.S. 45-37 (A) (6) and G.S. (A) (2). (See note or affidavit of lost Note attached.)
I, Suzanne M. Haumesser, Senior Vice President of Bank of America, N.A., a national banking association (Name of owner of note secured by Deed of Trust or Mortgage), certify that Bank of America, N.A., a national banking association is the owner of the indebtedness secured by the hereafter described Deed of Trust or Mortgage and that the debt or other obligation in the amount of $292,961.07 secured by the Deed of Trust or Mortgage and executed by:
Rod McCowan AKA Rodney A McCowan   and Laurie H McCowan (Mortgagor(s)
to Prlap, Inc (Trustee),
Bank of America, NA (Beneficiary or mortgagee)
and recorded in Durham County on 02/24/2003   in Book 3782   at Page 649   in Document 2003012131 , was satisfied on 2/27/2003.
I request that this Certificate of Satisfaction be recorded and the above referenced security instrument be canceled of record.
Bank of America, N.A., a national banking association

_____
Suzanne M. Haumesser, Senior Vice President

State of New York, County of Erie

I hereby certify that on this day before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared Suzanne M. Haumesser well known to me to be the Senior Vice President of Bank of America, N.A., a national banking association, and that he/she acknowledged on behalf of Bank of America, N.A., a national banking association executing the same freely and voluntarily under authority duly vested in him/her by said National Banking Association.

Witness my hand and official seal, this the 04/11/2003 .
0

_____
Roxanne M Nowicki
Notary Public, State of New York
Qualified in Niagara County
Commission Expires: March 31, 2007

The above Deed of Trust is hereby canceled this the 04/11/2003.
Register of Deeds
                              _____
                              Deputy/Register of Deeds

North Carolina _____ County

The foregoing certificate of _____,
                              (name of officer that took acknowledgment)
is certified to be correct. This the _____ day of _____ 20___.

_____by_____
Register of Deeds                                Deputy/Assistant

By the authority of and compliance with Section 45-37 of the General Statutes of N.C. I hereby cancel this D/T by ~~NOTICE OF SATISFACTION~~ CERTIFICATE OF SATISFACTION.

This 27th day of July 2003

WILLIE L. COVINGTON  By:_____
Register of Deeds           Asst/Deputy Register of Deeds

## Affidavit of Lost Note

**North Carolina**
**County of Durham**

Prepared By: Eileen Newman
Bank of America Mortgage
475 CrossPoint Pkwy, Getzville NY 14068
**Loan Number: 7022196716**

When recorded, mail to:
Rod McCowan

1211 Champions Pt
Durham, NC 277120000

Suzanne M. Haumesser, Senior Vice President of Bank of America, N.A., a national banking association personally appeared before me in Erie County, State of New York and having been duly sworn (or affirmed) made the following affidavit:

2.) That the Bank of America, N.A., a national banking association is the owner of the note or other indebtedness in the amount of $292,961.07 secured by the Deed of Trust, Mortgage or other instrument executed by the mortgagors: Rod McCowan AKA Rodney A McCowan and Laurie H McCowan to Prlap, Inc (Trustee) and Bank of America, NA (Mortgage/Beneficiary) and recorded in Durham County on 02/24/2003 in Book 3782 at Page 649 in Document 2003012131 **and was satisfied on 2/27/2003.**

3.) Note or other indebtedness has been lost and after the exercise of due diligence cannot be located.

3.) The affiant certifies that all indebtedness secured by the Deed of Trust, Mortgage, or other instrument has been satisfied and the affiant is responsible for cancellation of the same.

Signed on 04/11/2003.

Bank of America, N.A., a national banking association

_____
Suzanne M. Haumesser, Senior Vice President

State of New York
County of Erie

Witness my hand in the County and State last aforesaid.
Sworn to (or affirmed) and subscribed before me, on 04/11/2003.

_____
Roxanne M Nowicki
Notary Public, State of New York
Qualified in Niagara County
Commission Expires March 31, 2007

FOR REGISTRATION REGISTER OF DEEDS
MILLIE L. COVINGTON
DURHAM COUNTY, NC
2003 FEB 24 03:54:18 PM
BK:3782 PG:649-654 FEE:$56.00
INSTRUMENT # 2003012131

# DEED OF TRUST

WHEN RECORDED MAIL TO:
Bank of America Consumer Collateral
Tracking, FL9-700-04-10
9000 Southside Blvd, Bldg 700
Jacksonville, FL 32256

Durham, NC
33093217

This Deed of Trust prepared by:
X _____
MARY A GAMMON

RETURN TO:
SAFEGUARD PROPERTIES, INC.
650 SAFEGUARD PLAZA
BROOKLYN HEIGHTS, OHIO 44131
ATTN: TITLE DEPT.

THIS DEED OF TRUST is dated September 12, 2002, among ROD MCCOWAN AKA RODNEY A MCCOWAN AND LAURIE H MCCOWAN, MARRIED TO EACH OTHER ("Grantor"); Bank of America, N.A., whose address is c/o North Carolina Main Office, 101 S. Tryon Street, Charlotte, NC 28255 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and PRLAP, INC., whose address is PORTFOLIO ADMIN. 1400 BEST PLAZA DRIVE VA2-410-02-01, RICHMOND, VA 23227-0000 (referred to below as "Trustee").

CONVEYANCE AND GRANT. NOW, THEREFORE, as security for the indebtedness, advancements and other sums expended by the Beneficiary pursuant to this Deed of Trust and costs of collection (including attorneys' fees as provided in the Note) and other valuable consideration, the receipt of which is hereby acknowledged, Grantor has bargained, sold, given, granted and conveyed and does by these presents bargain, sell, give, grant and convey to Trustee, and Trustee's heirs or successors and assigns, for the benefit of Lender as Beneficiary, all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in DURHAM County, State of North Carolina:

Note. The word Note means the promissory note dated September 12, 2002, amount of $292,961.07 from Borrower to Lender, together with all renewals, modifications of, refinancings of, consolidations of, and substitutions for the promiss[ory note]. The maturity date of this Deed of Trust is September 17, 2032.



**WILLIE L. COVINGTON**
**REGISTER OF DEEDS, DURHAM COUNTY**
**DURHAM COUNTY COURTHOUSE**
**200 E. MAIN STREET**
**DURHAM, NC 27701**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **Filed For Registration:** | 06/27/2003 08:43:22 AM |
| **Book:** | RE   3970  Page: 944-947 |
| **Document No.:** | 2003039071 |
| | SATISFACTN   4 PGS   $0.00 |
| **Recorder:** | DEBORAH A MORRIS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

State of North Carolina, County of Durham

The foregoing certificate of ROXANNE M NOWICKI Notary is certified to be correct. This 27TH of June 2003

WILLIE L. COVINGTON, REGISTER OF DEEDS

By: _____
Deputy/Assistant Register of Deeds

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



*2003039071*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **TRUSTEE'S MOTION TO REVOKE ABANDONMENT OF REAL PROPERTY** and the **NOTICE OF TRUSTEE'S MOTION** was served this day via CM/ECF electronic e-mail service as indicated below or by depositing a copy of the same in the United States mail bearing sufficient postage:

Marjorie K. Lynch
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601

VIA CM/ECF EMAIL SERVICE ONLY
William P. Janvier
*Attorneys for Debtor*
Janvier Law Firm, PLLC
311 East Edenton Street
Raleigh, NC 27601-1017

Rodney Allen McCowan
1436 Cabrillo Avenue
Burlingame, CA 94010-4709

Jason Kenneth Purser
*Attorney for Bank of America, N.A.*
Shapiro & Ingle, LLP
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216-0034

VIA CM/ECF EMAIL SERVICE ONLY
Scott P. Vaughn
*Attorney for Bank of America, N.A.*
McGuireWoods LLP
PO Box 31247
Charlotte, NC 28231-1247

Bank of America, N.A. fka Countrywide Home
Attn: Managing Agent
7105 Corporate Drive
Plano, TX 75024

Bank of America, N.A.
Attn: Managing Agent
160 Mine Lake Ct. Ste 200
Raleigh, NC 27615

This the 29th day of September, 2017.

*s/Phyllis W. Hill*
Phyllis W. Hill
Paralegal
Nicholls & Crampton, P.A.
P. O. Box 18237
Raleigh, NC 27619

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| McCOWAN, RODNEY ALLEN, | CASE NO. 09-10347-8-SWH |
| Debtor. | |

**NOTICE OF TRUSTEE'S MOTION**

TO:   ALL CREDITORS AND INTERESTED PARTIES

NOTICE IS HEREBY GIVEN of the **TRUSTEE'S MOTION TO REVOKE ABANDONMENT OF REAL PROPERTY** ("Motion") filed simultaneously herewith by Gregory B. Crampton, Chapter 7 Trustee in the above-captioned bankruptcy case ("Trustee"), seeking entry of an Order revoking the Chapter 7 Trustee's prior abandonment of certain real property owned by the Debtor known as 1211 Champions Pointe Drive, Durham, North Carolina 27715 so that such real property can be administered in the bankruptcy case.

FURTHER NOTICE IS HEREBY GIVEN that any objection to the Motion must be filed with the Clerk, United States Bankruptcy Court, Post Office Box 791, Raleigh, NC 27602, with a copy served on the Trustee whose name appears at the bottom of this Notice, within FOURTEEN (14) DAYS of the date of the mailing of this Notice. No hearing will be conducted on said objection unless the Court, in its discretion, deems a hearing necessary, or unless a party in interest requests a hearing. Any party requesting a hearing shall appear at the hearing in support of such request or he may be assessed with costs.

DATED: September 29, 2017.

>  *s/ Gregory B. Crampton*
> Gregory B. Crampton
> State Bar #991
> Steven C. Newton, II
> State Bar #44656
> NICHOLLS & CRAMPTON, P.A.
> Post Office Box 18237
> Raleigh, North Carolina  27619
> Telephone:  (919) 781-1311
> Attorneys for Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                                        CHAPTER 7

**McCOWAN, RODNEY ALLEN,**                CASE NO. 09-10347-8-SWH

      **Debtor.**

### CERTIFICATE OF MAILING

I, Phyllis W. Hill, of Nicholls & Crampton, P.A., Post Office Box 18237, Raleigh, North Carolina certify:

That on the 29th day of September, 2017, I mailed copies of the foregoing **NOTICE OF TRUSTEE'S MOTION** to each creditor appearing in this case file as shown on the attached Mailing Matrix on file in the office of the Clerk of Court and to those parties as set out on Exhibit 1 attached hereto by placing said copies in a depository of the United States Mail, postage prepaid.

I certify under penalty of perjury that the foregoing is true and correct.

This the 29th day of September, 2017.

                                               *s/Phyllis W. Hill*
                                               Phyllis W. Hill, Paralegal
                                               NICHOLLS & CRAMPTON, P.A.
                                               Post Office Box 18237
                                               Raleigh, North Carolina  27619
                                               Telephone:  (919) 781-1311

| | | |
|---|---|---|
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | (p)BANKRUPTCY ADMINISTRATOR EDNC<br>434 FAYETTEVILLE STREET<br>SUITE 640<br>RALEIGH NC 27601-1888 | (p)BMW FINANCIAL SERVICES<br>CUSTOMER SERVICE CENTER<br>PO BOX 3608<br>DUBLIN OH 43016-0306 |
| (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | (p)KROSS LIEBERMAN AND STONE INC<br>PO BOX 565<br>MORRISVILLE NC 27560-0565 |
| (p)TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 8026<br>CEDAR RAPIDS IA 52408-8026 | (p)WACHOVIA BANK NA<br>MAC X2303-01A<br>1 HOME CAMPUS<br>1ST FLOOR<br>DES MOINES IA 50328-0001 | AAC Credit Union<br>Attn: Managing Agent<br>904 Broadway Avenue NW<br>Grand Rapids, MI 49504-4477 |
| VIA CM/ECF EMAIL SERVICE ONLY<br>Aaron J. Nash<br>Hale Dewey Knight, PLLC<br>88 Union Avenue, Suite 700<br>Memphis, TN 38103-5128 | Absolute Collection Services<br>Attn: Managing Agent<br>421 Fayetteville Street Mall #600<br>Raleigh, NC 27601-1777 | Alice Marie Crawford<br>7501 SW Cherokee Ave.<br>Lawton, OK 73505-6412 |
| American Express<br>Attn: Managing Agent<br>PO Box 650448<br>Dallas, TX 75265-0448 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | BAC Home Loans Servicing, LP fka Countrywide<br>7105 Corporate Drive<br>Plano, TX 75024-4100 |
| Bald Head Association<br>Attn: Managing Agent<br>PO Box 3030<br>Southport, NC 28461-7000 | Bank of America<br>PO Box 537102<br>Atlanta, GA 30353-7102 | Bank of America<br>Attn: Managing Agent<br>PO Box 21848<br>Greensboro, NC 27420-1848 |
| Bank of America<br>Attn: Managing Agent<br>475 CrossPoint Parkway, PO Box 9000<br>Getzville, NY 14068-9000 | Bank of America<br>Attn: Managing Agent<br>101 North Tryon Street<br>Charlotte, NC 28255-0001 | Bank of America, N.A.<br>P. O. Box 26012<br>NC4-105-03-14<br>Greensboro, NC 27420-6012 |
| VIA CM/ECF EMAIL SERVICE ONLY<br>Bank of America, N.A.<br>c/o Scott P. Vaughn<br>McGuireWoods LLP<br>PO Box 31247<br>Charlotte, NC 28231-1247 | Barry Mann<br>Mannin, Fulton & Skinner<br>PO Box 20389<br>Raleigh, NC 27619-0389 | BMW Financial Services NA LLC<br>Hale, Dewey & Knight, PLLC<br>88 Union Avenue, Suite<br>Memphis, TN 38103-5126 |
| Brandon McCowan<br>PO Box 90102<br>Raleigh, NC 27675-0102 | VIA CM/ECF EMAIL SERVICE ONLY<br>Brian Behr<br>Bankruptcy Administrator, EDNC<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601-1888 | Brunswick County Revenue<br>Attention: J Therrien<br>P.O. Box 29<br>Bolivia, NC 28422-0029 |
| Chase / Circuit City<br>Attn: Managing Agent<br>800 Brooksedge Boulevard<br>Columbus, OH 43081-2822 | Corning FCU<br>Attn: Managing Agent<br>One Credit Union Plaza<br>Corning, NY 14830-2857 | County of Brunswick<br>Attn: Managing Agent<br>PO Box 29<br>Bolivia, NC 28422-0029 |

| | | |
|---|---|---|
| County of Durham<br>Attn: Managing Agent<br>Post Office Box 3397<br>Durham, NC 27702-3397 | Credit Collection Service<br>Two Wells Avenue<br>Dept. 9134<br>Newton Center, MA 02459-3225 | Direct Loans<br>Attn: Managing Agent<br>PO Box 7202<br>Utica, NY 13504-7202 |
| DISCOVER BANK<br>DFS Services LLC<br>PO Box 3025<br>New Albany, Ohio 43054-3025 | Duke Primary Care<br>PO Box 70841<br>Charlotte, NC 28272-0841 | Duke University Hospital<br>Attn: Managing Agent<br>P.O. Box 70841<br>Charlotte, NC 28272-0841 |
| Durham County Tax Office<br>PO Box 3397<br>Durham, NC 27702-3397 | Freddie Maryland<br>4518 SW Atom<br>Lawton, OK 73505-6824 | GE Capital Credit Services<br>Attn: Managing Agent<br>7905 Quivira Road<br>Shawnee Mission, KS 66215-2732 |
| J.L Watson<br>Attn: Managing Agent<br>1530 N.Gregson St.<br>Durham, NC 27701-1155 | VIA CM/ECF EMAIL SERVICE ONLY<br>Jacob Christian Zweig<br>Evans Petree PC<br>1000 Ridgeway Loop Road, Suite 200<br>Memphis, TN 38120-4036 | VIA CM/ECF EMAIL SERVICE ONLY<br>Jason Kenneth Purser<br>Shapiro & Ingle, LLP<br>10130 Perimeter Parkway, Suite 400<br>Charlotte, NC 28216-0034 |
| Laurie Hayakawa<br>1211 Champions Pt. Dr.<br>Durham, NC 27712-9080 | Laurie Hayakawa<br>1211 Champions Point Dr.<br>Durham, NC 27712-9080 | Manning Fulton<br>Attn: Barry D. Mann<br>PO Box 20389<br>Raleigh, NC 27619-0389 |
| McGuire Woods<br>PO Box 31247<br>Charlotte, NC 28231-1247 | VIA CM/ECF EMAIL SERVICE ONLY<br>McGuire Woods<br>Attn: Scott P. Vaughn<br>PO Box 31247<br>Charlotte, NC 28231-1247 | NC Department of Revenue<br>Attn: Managing Agent<br>PO Box 25000<br>Raleigh, NC 27640-0002 |
| Palo Alto Medical Foundation<br>Attn: Managing Agent<br>PO Box 3757<br>Sunnyvale, CA 94088-3757 | Private Diagnostics Clinic<br>PO Box 900002<br>Raleigh, NC 27675-9000 | RCS<br>PO Box 7229<br>Westchester, IL 60154-7229 |
| VIA CM/ECF EMAIL SERVICE ONLY<br>Rebecca F. Redwine<br>Hendren Redwine & Malone, PLLC<br>4600 Marriott Drive, Suite 150<br>Raleigh, NC 27612-3367 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Recovery Management Systems Corporation<br>Attn: Michael A. DeGiovanni<br>25 S. E. Second Avenue<br>Ingraham Building, Ste. 1120<br>Miami, FL 33151-1605 |
| Revenue Production Mgmt., Inc.<br>Attn: Managing Agent<br>991 Oak Creek Drive<br>Lombard, IL 60148-6408 | RMS<br>PO Box 539<br>Richfield, OH 44286-0539 | Rodney Allen McCowan<br>1436 Cabrillo Avenue<br>Burlingame, CA 94010-4709 |
| Sallie Mae<br>c/o Sallie Mae Inc.<br>220 Lasley Ave.<br>Wilkes-Barre, PA 18706-1496 | Sallie Mae<br>Attn: Managing Agent<br>PO Box 9555<br>Wilkes Barre, PA 18773-9555 | Sallie Mae<br>Attn: Managing Agent<br>PO Box 9500<br>Wilkes Barre, PA 18773-9500 |

| | | |
|---|---|---|
| VIA CM/ECF EMAIL SERVICE ONLY<br>Samantha Y. Moore<br>Janvier Law Firm, PLLC<br>311 E Edenton Street<br>Raleigh, NC 27601-1017 | VIA CM/ECF EMAIL SERVICE ONLY<br>Sarah D. Miranda<br>Hutchens, Senter & Britton<br>PO Box 2505<br>Fayetteville, NC 28302-2505 | VIA CM/ECF EMAIL SERVICE ONLY<br>Scott P. Vaughn<br>McGuireWoods LLP<br>PO Box 31247<br>Charlotte, NC 28231-1247 |
| VIA CM/ECF EMAIL SERVICE ONLY<br>Sean Michael Corcoran<br>Brock and Scott, PLLC<br>8757 Red Oak Blvd, Suite 150<br>Charlotte, NC 28217-3977 | Slater Tenaglia Fritz & Hunt<br>301 Third Street<br>Ocean City, NJ 08226-4007 | Stanford Hospital & Clinics<br>Attn: Managing Agent<br>PO Box 60000<br>San Francisco, CA 94160-0001 |
| Tharrington Smith<br>Attn: Managing Agent<br>PO Box 1151<br>Raleigh, NC 27602-1151 | US Department of Education<br>Direct Loan Servicing Center<br>PO Box 5609<br>Greenville, TX 75403-5609 | US Department of Education<br>Attn: Managing Agent<br>PO Box 530260<br>Atlanta, GA 30353-0260 |
| US Dept. of Education<br>PO Box 530260<br>Atlanta, GA 30353-0260 | Wachovia Bank, N. A.<br>P.O. Box 13765-R4057-01P<br>Roanoke, Va 24037-3765 | Wachovia Bank, NA<br>Attn: Managing Agent<br>PA1327, 123 South Broad Street<br>Philadelphia, PA 19109 |
| Wachovia Dealer Services<br>Attn: Managing Agent<br>PO Box 25341<br>Santa Ana, CA 92799-5341 | Wells Fargo Bank, N.A.<br>Sarah D. Miranda<br>4317 Ramsey Street<br>PO Box 2505<br>Fayetteville, NC 28302-2505 | Wells Fargo Loss Mitigation<br>11601 N Black Canyon Hwy<br>2d Floor<br>Phoenix, AZ 85029-3451 |
| WFS Financial<br>Attn: Credit Bureau Dispute<br>PO Box 1697<br>Winterville, NC 28590-1697 | VIA CM/ECF EMAIL SERVICE ONLY<br>William F. Braziel III<br>Janvier Law Firm, PLLC<br>311 East Edenton Street<br>Raleigh, NC 27601-1017 | VIA CM/ECF EMAIL SERVICE ONLY<br>William P Janvier<br>Janvier Law Firm, PLLC<br>311 E Edenton Street<br>Raleigh, NC 27601-1017 |