UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| McCOWAN, RODNEY ALLEN, | CASE NO. 09-10347-8-SWH |
| Debtor. | |

RESPONSE IN OPPOSITION TO
MOTION FOR STAY PENDING APPEAL

NOW COMES Gregory B. Crampton, Chapter 7 Trustee in the above-captioned case ("Trustee"), by and through undersigned, and hereby responds to the Motion for Stay Pending Appeal ("Motion for Stay") filed on behalf of Bank of America, N.A., seeking to stay the enforcement of the Court's February 9, 2018 Order Allowing Trustee's Motion to Revoke Abandonment ("Order").

For this Court to issue a stay pending appeal Bank of America "must demonstrate that: (1) it is likely to succeed on the merits of its appeal; (2) it is likely to suffer irreparable harm absent a stay; (3) other parties will not be substantially harmed by a stay; and (4) the public interest will be served by staying the bankruptcy court's order." *In re Brier Creek Corp. Ctr. Associates Ltd.*, 486 B.R. 681, 684 (Bankr. E.D.N.C. 2013); (*citing In re Bannerman Holdings, LLC*, 2011 U.S. Dist. LEXIS 7573, at *2 (E.D.N.C. Jan. 26, 2011)). None of these requirements are satisfied.

**I.      Bank of America will not likely succeed on the merits of its appeal.**

    **A.      Legal standard applicable to setting aside trustees' abandonments of estate property and standard of review on appeal.**

"Absent certain limited circumstances, a trustee's decision to abandon property, once accomplished, is irrevocable." *In re Buckner*, 224 B.R. 760, 762 (Bankr. E.D. Mo. 1998).

1

"However, if the trustee's decision was based on incorrect information provided by another entity, or on misinformation that was reasonably relied upon, or on a material omission by a debtor, the abandonment may be set aside to permit administration of the estate." *Buckner*, 224 B.R. at 762.

Based on this legal standard, when deciding whether to allow the Trustee's Motion to Revoke Abandonment of Real Property ("Motion to Revoke Abandonment") the only issues before the Court were (i) whether the Trustee's abandonment of the Real Property was based on a reasonable reliance on incorrect information supplied to the Trustee and/or any material omissions, and (ii) whether setting aside the abandonment would unduly prejudice an innocent third party.

To support its decision to set aside the Trustee's abandonment of Real Property, the Court made the following factual findings:

- "The debtor's schedules filed on December 21, 2009, indicate that the Debtor owns real property located at 1211 Champions Point Drive, Durham, North Carolina (the "Property") valued at $90,000.00 (Schedule A), subject to a deed of trust in favor of Bank of American, N.A. in the amount of $268,121.00 (Schedule D)." Order pp. 2-3.

- "Additionally, the debtor's Chapter 11 Plan filed on March 1, 2010 separately classifies the Bank of America debt in the amount of $268,121.00 secured by the Property with a value of $248,000.00." Order p. 3.

- "The Plan proposed to abandon the debtor's interest in Property." *Id.*

- "On August 10, 2010, BAC Home Loans Servicing, LP f/k/a Countrywide Home "BAC" filed Proof of Claim No. 13 in the amount of $288,121.37 (the "BAC Proof of Claim"), in which it stated that the claim was secured, and to which it attached a Deed of Trust recorded on February 24, 2003 in the Durham County Registry and a Promissory Note dated February 21, 2003 in the amount of $292,820.97." *Id.*

- "A Certificate of Satisfaction and Affidavit of Lost Note, recorded on June 27, 2003 in the Durham County Registry were not attached to the proof of claim." *Id.*

2

- "Based upon the value of the Property as testified to by the debtor at his § 341 meeting (between $240,000 and $250,000) and as scheduled ($90,000.00), and the liens identified (Bank of America's lien in the amount of $268,121) and Durham County ($4,483), the Trustee determined there was no realizable value for the estate and filed a Notice of Trustee's Intent to Abandon Property on January 28, 2011." *Id.*

"By well-settled rule, such factual findings "are reviewable only for clear error—in other words, with a serious thumb on the scale for the bankruptcy court." *U.S. Bank N.A. v. Vill. At Lakeridge, LLC*, 583 U.S. ___, 2018 U.S. LEXIS 1520 at *13 (2018). The Court's conclusion that its factual findings satisfy the legal standard for setting aside abandonments is a "mixed question of law and fact," which in this case entails primarily factual inquiries, and is therefore "subject only to review for clear error." *Id.* (explaining that whether the facts satisfy the legal standard is a "mixed question of law and fact," and if the mixed question entails primarily factual, as opposed to legal, inquiries then the conclusion is of a kind "that primarily rests with a bankruptcy court, subject only to review for clear error.").

**B.    The Court's factual findings made in its Order support the Court's conclusion to set aside the Trustee's prior abandonment of the Real Property.**

The factual findings made in the Court's Order, all of which are undisputed, demonstrate that (i) the Debtor and Bank of America supplied the Trustee with incorrect and misleading information regarding Bank of America's purported lien on the Real Property, (ii) both the Debtor and Bank of America failed to disclose the recorded Certificate of Satisfaction and Affidavit of Lost Note, and this failure constituted a material omission, and (iii) the Trustee reasonably relied upon such misinformation and omissions in determining that the Real Property had no realizable value for the estate resulting in the filing of his Notice of Abandonment. These facts make clear that under the legal standard applicable to setting aside abandonments the Court

3

properly set aside the Trustee's abandonment of the Real Property. *See Buckner*, 224 B.R. at 762 ("[I]f the trustee's decision was based on incorrect information provided by another entity, or on misinformation that was reasonably relied upon, or on a material omission by a debtor, the abandonment may be set aside to permit administration of the estate."). Accordingly, the Court's Order should be upheld on appeal.

In its Motion for Stay, Bank of America argues that the Court's Order is erroneous based on the Court's determination that Bank of America's "debt was unsecured, the sole deed of trust corresponding to its debt having been satisfied of record." *See* Motion for Stay, p. 3 ¶¶ 9-12. While this determination by the Court is correct and consistent with North Carolina law, it was not necessary to support the Court's decision to set aside the Trustee's abandonment. As previously explained, the circumstances in which an abandonment may be set aside—when the abandonment was based on incorrect information or material omissions reasonably relied upon by the Trustee—were undoubtedly present in this case based on the factual findings made in the Court's Order. Those factual findings were all that was necessary to support the Court's conclusion to set aside the Trustee's abandonment of the Real Property. Therefore, even if the District Court were to disagree with the Court's determination that Bank of America's debt was unsecured, the Court's Order should nevertheless be affirmed based on the Court's undisputed factual findings made in the Order regarding the material misinformation and omissions relied upon by the Trustee in abandoning the Real Property.[1]

---

[1] A deed of trust that has been erroneously cancelled of record is invalid not only as to third parties but also as between the debtor and secured creditor unless and until a document of rescission is recorded in accordance with N.C. Gen. Stat. § 45-36.6. As of the Petition Date in this bankruptcy case, Bank of America did not, and still has not, recorded a document of rescission. The automatic stay precluded Bank of America from doing so. Accordingly, as of the commencement of the bankruptcy case, Bank of America was not, and still is not, a secured creditor. Thus, the Trustee need not invoke his Section 544 strong-arm powers to avoid an unperfected lien. Further, even if Bank of America's debt was secured, but unperfected, the Trustee is not time-barred from applying the Section 544 strong-arm powers in the

## II. The remaining requirements for issuance of a stay are not satisfied.

Because Bank of America cannot show that it will likely succeed on the merits of its appeal, it is unnecessary to address the remaining requirements to obtain a stay of the Court's Order pending the appeal. However, none of the remaining requirements are satisfied. The Court's Order merely set aside the abandonment of the Real Property. The Court must still rule on the Trustee's claim objection and enter an Order determining that Bank of America's debt is unsecured. Because the Court's Order merely set aside the Trustee's abandonment, thus brining the Real Property back into the estate, a stay of the Order while the appeal is pending is unnecessary. Staying the Court's Order may result in the Real Property going unprotected and unpreserved pending a final resolution of the appeal, and contrary to Bank of America's arguments, its past alleged expenditures are not sufficient to ensure that the Real Property is preserved during the appeal process. Finally, because Bank of America cannot show that it has a likelihood of success on the merits, a stay is not in the public interest.

WHEREFORE, the Trustee requests that the Court:

1. Deny the Motion for Stay Pending Appeal;

2. Set a hearing on the Motion for Stay Pending Appeal and the Trustee's Response thereto;

3. Grant any further relief deemed just and proper.

---

claims objection process to defeat Bank of America's alleged secured status. *See* Collier on Bankruptcy, § 546[d] ("Section 546(a) only limits the trustee's commencement of the enumerated avoidance actions. Therefore, even if a trustee is time-barred from commencing avoidance actions under Section 546(a), the trustee may raise the avoidability of a transaction as a defense to claims or the validity of liens asserted against the estate."). This issue, however, is more appropriately addressed in the Trustee's objection to the secured status of Bank of America's Claim No. 13 filed in the bankruptcy case.

Respectfully submitted this the 7th day of March, 2018.

                    <u>s/ Gregory B. Crampton</u>
                    Gregory B. Crampton
                    NC Bar No. 991
                    Steven C. Newton, II
                    NC Bar No. 44656
                    NICHOLLS & CRAMPTON, P.A.
                    3700 Glenwood Avenue, Suite 500
                    Raleigh, North Carolina 27612
                    (919) 781-1311
                    Attorneys for Chapter 7 Trustee

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **RESPONSE IN OPPOSITION TO MOTION FOR STAY PENDING APPEAL** was served this day via CM/ECF electronic e-mail service as indicated below or by depositing a copy of the same in the United States mail bearing sufficient postage:

VIA CM/ECF E-MAIL SERVICE ONLY
Marjorie K. Lynch
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601

VIA CM/ECF E-MAIL SERVICE ONLY
William P. Janvier
William F. Braziel III
*Attorneys for Debtor*
Janvier Law Firm, PLLC
311 E. Edenton Street
Raleigh, NC 27601

Rodney Allen McCowan
1436 Cabrillo Avenue
Burlingame, CA 94010-4709

VIA CM/ECF E-MAIL SERVICE ONLY
Jason K. Purser
*Attorney for Bank of America, N.A.*
Shapiro & Ingle
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216

VIA CM/ECF EMAIL SERVICE ONLY
Scott P. Vaughn
*Attorney for Bank of America, N.A.*
McGuireWoods LLP
PO Box 31247
Charlotte, NC 28231-1247

This the 7th day of March, 2018.

                                                *s/Phyllis W. Hill*
                                                Phyllis W. Hill, Paralegal
                                                Nicholls & Crampton, P.A.
                                                P. O. Box 18237
                                                Raleigh, NC 27619