**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

IN RE:

RODNEY ALLEN MCCOWAN                          09-10347-8-SWH
                                              Chapter 7

---

### RESPONSE TO OBJECTION TO CLAIM

**COMES NOW** Bank of America, N.A. ("<u>Bank of America</u>") by and through

undersigned counsel, responding to the Trustee's Objection to Claim (Doc 177, referred to herein

as the "<u>Objection</u>") as follows:

1. Bank of America incorporates by reference that certain "Affidavit in Support of

   Plaintiff's Motion for Summary Judgment" executed by Kelly J. Rogers on May 26,

   2017.  (Doc #  138-2 p. 3, referred to herein as the "<u>Rogers Aff.</u>")

2. Bank of America disputes the Objection is properly before the Court.  Bank of America

   incorporates by reference all contentions and arguments in its Responses at Doc.'s 133,

   138, and 149.

3. The Trustee's Objection seeks to avoid Bank of America's lien with respect to 1211

   Champions Point Drive, Durham, NC (the "<u>Property</u>").

4. The Bankruptcy Court previously issued an order in this case on February 9, 2018 (the

   "<u>February 9, 2018 Order</u>") that holds on page 4 that Bank of America's "debt was

   unsecured, the sole deed of trust corresponding to its debt having been satisfied of record."

5. Bank of America has appealed the February 9, 2018 Order to the United States District

   Court for the Eastern District of North Carolina, which appeal remains pending (case

   number 5:18-cv-00075-D).  Bank of America also has requested the district court enter a

stay of proceedings related to the February 9, 2018 Order (Document 14), including the Objection at issue here. This Court should abstain from hearing or ruling on the Objection unless and until the district court affirms the February 9, 2018 Order.

6. Additionally, the Trustee may not avoid Bank of America's lien by a claim objection, but rather must assert such relief in an adversary proceeding under Bankruptcy Rule 7001(2).[1] See, e.g., In re Carter, 2013 Bankr. LEXIS 2577, *1-*3 (Bankr. D. Colo. June 25, 2013) (holding that amendments to Bankruptcy Rule 3007 prevent claim objections from including a demand for relief and may not act as a substitute for an adversary proceeding); In re Lids Corp., 260 B.R. 680, 684 (Bankr. D. Del. 2001) (holding that a disallowance of a claim under § 502(d) first requires a judicial determination via an adversary proceeding); In re AgFeed USA, 2015 Bankr. Lexis 1403, at *11-*12 (Bankr. D. Del. March 11, 2015) (same); and In re Marketing Resources Int'l Corp., 35 B.R. 353, 356 (Bankr. E.D. Pa 1984) (same).

7. Furthermore, the rationale behind decisions that allow trustees to use a recoupment theory, when the trustee is prohibited by the statute of limitations from affirmative recovery, does not apply in this case. This case involves a property interest that was not avoided and now cannot be avoided. Furthermore, Bank of America has not asserted any affirmative relief against the Trustee. There is no logical mechanism to "recoup" or "offset" Bank of America's lien now that Bankruptcy Rule 3007(b) expressly prohibits, in an objection to claim, a demand for relief specified in Rule 7001. Yet that is precisely what the trustee is seeking here. Lien avoidance must be accomplished by adversary proceeding and not

---

[1] Bankruptcy Rule 3007(b) specifically states: "A party in interest shall not include a demand for relief of a kind specified in Rule 7001 [including '(2) a proceeding to determine the validity, priority, or extent of a lien'] in an objection to the allowance of a claim, but may include the objection in an adversary proceeding."

through a claim objection.  And Bank of America is entitled to demand compliance with the formalities associated with an adversary proceeding, which the Trustee cannot do.  <u>See</u> <u>Cen-Pen Corp. v. Hanson</u>, 58 F.3d 89, 93 (4th Cir. 1995) (holding that to avoid a lien, there must be a sufficient "affirmative step," which requires the initiation of an adversary proceeding and attendant filing of a complaint and service of a summons).

8.      The Trustee has not brought an adversary proceeding against Bank of America presumably because he is barred from doing so by 11 U.S.C. § 544.  The Trustee's avoidance powers under the Bankruptcy Code must be exercised within the later of (A) 2 years after the order for relief in the bankruptcy case or (B) 1 year after the appointment of the first trustee.  <u>See</u> 11 U.S.C. § 546(a)(1).[2]  Here, the Court entered an order converting the Chapter 11 case to Chapter 7 by order dated August 4, 2010.  (Doc # 98.)  Two years after that date is August 4, 2012.  The Court entered an order appointing the first trustee on August 10, 2010.  (Doc. # 107.)  One year after that date is August 10, 2011.  The later date between the two is August 4, 2012, which is the date by which the Trustee was required to bring a proceeding seeking to avoid Bank of America's lien.  Accordingly, the statute of limitations to avoid Bank of America's lien expired more than five years ago, and the Trustee cannot attempt to avoid Bank of America's lien at this late date.

9.      With the statute of limitations barring the trustee from bringing a successful adversary proceeding and Bankruptcy Rule 3007(b) prohibiting an objection from including a demand to avoid a lien, there is no procedural mechanism that allows this Court to disallow Bank of America's lien.  <u>See</u> 11 U.S.C. § 502(d) (requiring a court to disallow "any claim of an entity from which a transfer <u>is avoidable</u> under section . . . 544.")  Bank of America's

---

[2] 11 U.S.C. § 546(a)(2) states a bankruptcy case must be open and not dismissed for a party to be able to bring a § 544 avoidance action.

lien cannot be avoided because the window of opportunity to do so has been shut under Section 544 by operation of the applicable statute of limitations.

10.      Furthermore, Bank of America reasserted and perfected its lien by filing a notice of lis pendens on August 3, 2016 in the Durham County official records.  See Notice of Lis Pendens attached hereto as <u>Exhibit A</u>.  Even if this Court sustains the Objection, without the ability to assert affirmative relief, the Trustee cannot avoid the notice of lis pendens, which remains in the Durham County public record and prevents the Trustee from selling the Property free of Bank of America's lien.

11.      In other words, the Trustee is requesting relief the Court simply cannot grant on procedural and practical grounds.

This the  6th  day of April 2018.

*/s/ Jason K. Purser*
Jason K. Purser, Attorney for Creditor, Bar # 28031
Shapiro & Ingle, LLP
10130 Perimeter Pkwy, Suite 400
Charlotte, NC 28216
Phone: 704-333-8107 | Fax: 704-333-8156
jpurser@logs.com

17-088492

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:

**RODNEY ALLEN MCCOWAN**                    09-10347-8-SWH
                                                                                Chapter 7

---

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing and annexed pleading or paper upon:

| | |
|---|---|
| (Served via Electronic Notification)<br>William P Janvier<br>The Janvier Law Firm<br>1101 Haynes St., Ste. 102<br>Raleigh, NC 27604 | (Served via Electronic Notification)<br>Gregory B. Crampton<br>Nicholls & Crampton, P.A.<br>PO Box 18237<br>Raleigh, NC 27619 |
| (Served via Electronic Notification)<br>Marjorie K. Lynch<br>Bankruptcy Administrator<br>Post Office Box 3758<br>Wilson, NC  27895-3758 | |

by electronic mail, if applicable.  Any party that can be served by electronic mail will receive no other form of notice.

This the   6th   day of April 2018.
.

*/s/ Jason K. Purser*
Jason K. Purser, Attorney for Creditor, Bar # 28031
Shapiro & Ingle, LLP
10130 Perimeter Pkwy, Suite 400
Charlotte, NC 28216
Phone: 704-333-8107 | Fax: 704-333-8156
jpurser@logs.com