IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 09-10347-8-SWH |
| RODNEY ALLEN MCCOWAN, ) | Chapter 7 |
| ) | |
| DEBTOR ) | |

## MEMORANDUM ON *IN RE CRAWFORD*

The Chapter 7 Trustee cited *In re Crawford*, 511 B.R. 395 (Bankr. W.D.N.C. 2014) for the proposition that a debtor who is entitled to a homestead exemption pursuant to N.C. Gen. Stat. §1C-1601(a)(1) based on the circumstances that exist on the date of the filing of a chapter 7 bankruptcy loses that exemption if the circumstances change post-petition to eliminate one of the essential elements of the exemption. In *Crawford*, the debtor claimed an exemption in the property which she owned and in which her elderly uncle resided. She asserted that the uncle was her dependent. The uncle died 69 days post-petition. Judge Whitley held that the debtor was not entitled to an exemption because the uncle was not debtor's dependent.

Having denied the exemption, Judge Whitley in *dicta* provided additional grounds for denying the exemption. Quoting Judge A. Thomas Small's opinion in *In re Love*, 42 B.R. 317, 318 (Bankr. E.D.N.C. 1984), aff'd 54 B.R. 947 (E.D.N.C. 1985), and citing *In re Mahaffey*, 91 F.3d 131 (4th Cir. 1996)[1], he stated that even though exemptions are determined as of the date of the filing of the petition, the exemption provided and §1601(a)(1) is conditioned upon a debtor's continued use of the residence. Consequently, he held as an alternative ground for denying the

---

[1] The cite by Judge Whitley to *Mahaffey* is puzzling. It is an unpublished opinion with unusual facts. The debtors transferred their residence to their daughter without consideration within the year prior to filing bankruptcy. He filed a §548 action, and since the debtors had transferred the property, they lost the right to claim an exemption in the property. In a commendable display of compassion, the Court raised on its own accord the issue of whether the debtors had intended to retain a life estate in the property when they transferred the property, and whether the deed should be reformed to retain a life estate. The Court remanded the case for such a determination, and held that if the deed was so reformed, the debtors actually owned a life estate *on the date of the petition*, which had not been transferred, and they could exempt that life estate. The opinion does not appear to support the holding in *Crawford*.

exemption. For the reasons set out below, Judge Whitley's holding is not an accurate recitation of the law.

The principle that exemptions are determined as of the date of the petition was established as long as 1924 in the case of *White v. Stump*, 266 U.S. 310 (1924). The court stated:

> When the law speaks of property which is exempt and of rights to exemptions, it of course refers to some point of time. In our opinion, this point of time is the one of which the general estate passes out of the bankruptcy's control, and with respect to which this status of the rights of the bankruptcy, the creditors, and the trustee in other particulars are fixed. The provisions before cited show – some expressly and others impliedly – that one common point of time is intended *and that is the date of the filing of the petition*.

266 U.S. 310 at 314 (emphasis added).

This "snapshot rule" of fixing exemption rights as of the date of the petition as set out in *White v. Stump* has carried over from the Bankruptcy Act of 1898 to the Bankruptcy Code of 1978. See *Matter of Hawk*, 871 F.3d 287 (5th Cir. 2017) and *In re Earl,* 705 Fed. Appx. 584 (9th Cir. 2017). See also *In re Rogers*, 2016 WL 5794707 (Bankr E.D.N.C. 2016) (citing *Love* for the statement "the court looks to the use of the property as of the date of the filing of the petition.); *In re Lude*, 291 B.R. 109 (Bankr. S.D.Ohio 2003); *In re Heater*, 189 B.R. 629 (Bankr. E.D.Va. 1995.

With the settled principle that exemptions are determined as of the petition date, how could a court hold that post-petition event caused a debtor to lose an exemption? The basis for such ruling arises out of the application of exemptions in opt-out states. For example, Virginia's exemption statute does not allow a debtor to exempt personal property from a judgment arising out of judgment for rent. Despite this limitation, the Bankruptcy Court allows the debtor to avoid a judgment lien on personal property for unpaid rent *In re Snow*, 71 B.R. 186 (Bankr. W.D.Va. 1987). The district court reversed, holding that since Virginia's exemption statute did not allow an exemption as to unpaid rent, the debtors could not utilize §522(f) to avoid the lien.

2

The Fourth Circuit reversed the district court holding that the limitation of the Virginia exemption statute did not prevent the lien avoidance. *In re Snow*, 1899 F.2d 337 (4th Cir. 1990).

In a vein similar to the district court's holding in *Snow*, and prior to the Fourth Circuit's ruling in *Snow*, Judge Small held in *Love* that since the right to exempt a residence under G.S. 1C-§1601(a)(1) is conditional upon using the property as a residence, even though the debtor is using the property as a residence on the petition date, if he ceases to use the property as a residence is exempt, it is no longer exempt.

The conflict arising out of the application of the particularities of exemptions in opt-out states and other provisions of the Bankruptcy Code came to a head in *Owen v. Owen*, 111 S.Ct. 1833 (1991). In that case, the debtor's homestead was encumbered by a judgment lien to his ex-wife. Under Florida law, a debtor did not have a homestead exemption against a judgment that attached to the property before the property acquired its homestead status. The court held that the limitation on exempting his homestead from the claim of such a creditor did not prevent him from exempting the homestead and avoiding the judicial lien impairing it. The Court stated, "we have no basis for pronouncing the opt-out policy absolute but must apply it along with whatever other competing or limiting policies the statutes contain." *Owen* at 1138. Obviously, one of the competing policies is the bedrock principle that exemptions speak as of the date of the petition. The Ninth Circuit Bankruptcy Appellant Panel succinctly summarized the impact of *Owens* in *In re Kim*, 257 B.R. 680 (9th Cir. BAP 2000). In footnote 11, it stated:

> *In Owen*, the Supreme Court held that a judicial lien may be avoidable under §522(f) even though the state exemption law deprived its debtors of homestead protection from pre-existing liens. *Owen*, 500 U.S. at 313, 111 S.Ct. 1833 ("it is not inconsistent to have a policy disfavoring the impingement of certain types of liens upon exemptions, whether federal- or state-created. We have no basis for pronouncing the opt-out policy absolute, but must apply it along with whatever other competing or limiting policies the statute (section 522) contains.") (emphasis added). In other words, while states may carve out their specific

3

exemptions, the state exemption law must not conflict with general policies underlying section 522, such as the date for determination of exemptions.

That *Love* does not correctly reflect the current status of the law in the Eastern District of North Carolina is manifested by the fact that this Court routinely enters orders avoiding judgment liens of debtors' residences in both chapter 7 and chapter 13 cases without limiting the avoidance to the debtors' continued use of the property as residences. These orders have been entered by every judge who has presided in the E.D.N.C., including the judge who issued the opinion in *Love*.

This the 3rd day of May, 2018.

                        JANVIER LAW FIRM, PLLC

                        By: s/ William E. Brewer, Jr.
                              William E. Brewer, Jr.
                              N.C. State Bar No: 7018
                              311 E. Edenton Street
                              Raleigh, North Carolina 27601
                              Telephone No.: (919) 582-2323
                              Facsimile No.: (866) 809-2379
                              Email: wbrewer@janvierlaw.com

CERTIFICATE OF SERVICE

I, Darlene Hill of Janvier Law Firm, PLLC, do hereby certify that I served the attached Memorandum on *In re Crawford* upon the parties listed below by mailing a copy thereof to said parties at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office in Raleigh, North Carolina or by the ECF System as allowed by law.

The following were served via electronic service:

Gregory B. Crampton, Chapter 7 Trustee

I declare under penalty of perjury that the foregoing is true and correct.

This the 3rd day of May, 2018.

s/ Darlene Hill<br>Darlene Hill