**SO ORDERED.**

**SIGNED this 24 day of August, 2018.**

_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

RODNEY ALLEN McCOWAN                              CASE NO. 09-10347-8-SWH

   DEBTOR.                                        CHAPTER 7

## SUPPLEMENTAL ORDER ALLOWING OBJECTION TO CLAIM

This matter came on to be heard upon the Trustee's Objection to the Claim of Bank of America filed on March 7, 2018 (Claim No. 13).  A hearing was held on April 9, 2018 in Raleigh, North Carolina. The court upheld the trustee's objection in an order dated June 26, 2018. This Supplemental Order sets out the basis for the court's decision.

## BACKGROUND

Rodney Allen McCowan filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 30, 2009. The debtor's schedules filed on December 21, 2009 indicate that the debtor owns real property located at 1211 Champions Point Drive, Durham, North Carolina (the "Property") valued at $90,000.00 (Schedule A), subject to a deed of trust in favor of Bank of America, N.A. ("Bank of America") in the amount of $268,121.00 (Schedule

1

D). Additionally, the debtor's Chapter 11 Plan filed on March 1, 2010 separately classifies the Bank of America debt in the amount of $268,121.00 secured by the Property with a value of $248,000.00. The Plan proposed to abandon the debtor's interest in the Property.

The case was converted to chapter 7 on August 4, 2010 and Gregory B. Crampton was appointed trustee on the same date. On August 10, 2010, BAC Home Loan Servicing, LP f/k/a Countrywide Home ("BAC") filed Proof of Claim No. 13 in the amount of $288,121.27 (the "BAC Proof of Claim"), in which it stated that the claim was secured, and to which it attached a Deed of Trust recorded on February 24, 2003 in the Durham County Registry and a Promissory Note dated February 21, 2003 in the amount of $292,820.97.[1] A Certificate of Satisfaction and Affidavit of Lost Note, recorded on June 23, 2003 in the Durham County Registry, were **not** attached to the proof of claim.

Based upon the value of the Property as testified to by the debtor at his ▪ 341 meeting (between $240,000 and $250,000), and as scheduled ($90,000), and the liens identified on both the debtor's schedules and on Bank of America's proof of claim (Bank of America's lien in the amount of $268,121) and in favor of Durham County ($4,483), the trustee determined there was no realizable value for the estate and filed a Notice of Trustee's Intent to Abandon Property on January 28, 2011 (the "Notice").  No objection to the Trustee's Notice was filed and the Property was therefore deemed abandoned.  A Final Decree was entered in the chapter 7 case on February 16, 2011.

On July 19, 2016, Bank of America initiated an action and on August 3, 2016, filed a *lis pendens* in Durham County, North Carolina seeking a judicial foreclosure of the Property and money damages against the debtor. On October 4, 2016, the action was amended to remove the

---

[1] The debtor executed a promissory note and deed of trust in favor of Bank of America, N.A. on February 21, 2003; BAC Home Loans Servicing, f/k/a Countrywide Home, is the servicer of the loan.

claim for money damages.  On June 22, 2017, after learning of the existence and recordation of the Certificate of Satisfaction and Affidavit of Lost Note, the debtor moved to reopen his case to enable the trustee to administer the Property, which motion was granted on September 13, 2017, Dkt. 143.  On September 25, 2017, the trustee filed a Motion to Revoke Abandonment, Dkt. 146, to which Bank of America responded in opposition on October 13, 2017.  A hearing was held on November 29, 2017, and the court's Order Allowing Trustee's Motion to Revoke Abandonment was entered on February 9, 2018, Dkt. 165.

On March 7, 2018, the trustee filed an Objection to Claim contesting the secured status of Bank of America's Proof of Claim No. 13-1.  The trustee posits several arguments in support of his objection:

1. The deed of trust attached to the proof of claim was cancelled of record on June 27, 2003 by Certificate of Satisfaction recorded in the Durham County Register of Deeds at Book 3970, Page 944 and therefore there is no lien on the Property in favor of Bank of America;

2. The filing of the debtor's petition cuts off any reformation rights Bank of America may have had absent the bankruptcy;

3. Notwithstanding the bankruptcy, Bank of America lost its secured status by virtue of the cancellation of the deed of trust by operation of N.C. Gen. Stat. § 45-37(g), which provides that cancellation of the deed of trust constitutes satisfaction of the underlying debt and reconveyance of any rights in the property;

4. Pursuant to § 502(d), Bank of America's claim must be disallowed if the transfer supporting the claim is avoidable (as opposed to avoided) under § 544;

5.  An adversary proceeding is not required to properly contest the existence of Bank of America's lien because the trustee is not seeking recovery of property, just disallowance of the claim; and

6.  The trustee can assert his strong-arm rights under § 544 defensively without being bound by the time restrictions found in § 546.

Bank of America, on the other hand, asserts that:

1.  The trustee must initiate an adversary proceeding to obtain his requested relief;

2.  That any adversary proceeding to avoid the deed of trust is time barred; and,

3.  That despite its alleged erroneous cancellation of its deed of trust, Bank of America's lien is effective between it and the debtor.

For the reasons set forth below, the court will allow the objection of the trustee.

### DISCUSSION

The court will first respond to Bank of America's contention that the trustee's objection to claim is not the appropriate mechanism to determine its secured status. Bank of America argues that the trustee can determine its secured status only through an adversary proceeding commenced pursuant to Rule 7001(2). The court disagrees.

An adversary proceeding is not required to contest secured status asserted in a proof of claim. The validity of a lien may be determined in a proceeding other than an adversary proceeding. 10 COLLIER ON BANKRUPTCY ¶ 7001.03 (16th ed. 2018); *In re Lengacher*, No. 12-12512, 2015 Bankr. LEXIS 4441 (Bankr. N.D. Ind. Dec. 1, 2015). It is equally appropriate for the trustee to object to the claim. *In re Gilchrist*, No. 10-02851-8-SWH, 2011 Bankr. LEXIS 101 (Bankr. E.D.N.C. Jan. 10, 2011); *In re Blue Water Land Dev., LLC*, No. 08-00842-8-JRL, 2008 Bankr. LEXIS 4795 (Bankr. E.D.N.C. Oct. 21, 2008); *Ashford v. Naimco, Inc. (In re Consol. Pioneer*

*Mortg. Entities)*, No. 95-55491, 1996 U.S. App. LEXIS 17741 (9th Cir. July 15, 1996) (unpublished) (objection to claim unaccompanied by a counterclaim or other demand for relief does not require commencement of adversary proceedings); *In re Mathiason*, 16 F.3d 234, 237 (8th Cir. 1994); *In re Barquet Grp., Inc.*, 486 B.R. 68 (S.D.N.Y. 2012) (a lien need not be avoided through an adversary proceeding where the claim objection did not seek to expunge the claim because of any purported lien, but rather sought to expunge the claim because the claimants assigned their interests in the claim to a third party and they never filed a claim asserting a lien). The trustee is not seeking to recover property; he is merely seeking disallowance of a secured claim.[2]  It appears to the court that Bank of America confuses that situation where a deed of trust is of record and its avoidance is sought, and here where there is no deed of trust of record, now, and most importantly, was none on the petition date. That confusion has colored and affected virtually all of Bank of America's arguments.  Whether or not an adversary proceeding is required is determined by the relief being sought and not the issues presented. *In re Lengacher*, at 4; *In re Stoecker*, 143 B.R. 118, 128 (Bankr. N.D. Ill. 1992), *aff'd in part, rev'd in part*, 143 B.R. 879 (N.D. Ill. 1992); *In re Am.'s Shopping Channel, Inc.,* 110 B.R. 5, 8 (Bankr. S.D. Cal. 1990).

Contrary to Bank of America's assertion, this is not a trustee strong-arm action pursuant to ▪ 544, contesting the validity of a recorded deed of trust as a judgment lien creditor or a *bona fide* purchaser for value. If this had been a ▪ 544 proceeding, Bank of America's argument that such an action is time barred pursuant to ▪ 546(a), or that the filing of its *lis pendens* constituted a valid defense might be relevant. But in fact there is no deed of trust presently on the records of the Durham County Register of Deeds for the trustee to avoid, and thus no applicable statute of

---

[2] The court notes that the trustee could have sought disallowance of Bank of America's unsecured claim in the case in light of the debtor's previous discharge, but has chosen not to do so.

5

limitations for such avoidance, and no strong-arm powers maintained by the trustee to which the *lis pendens* defense could be asserted.

Furthermore, even if the trustee was attempting to assert his strong-arm powers pursuant to ▪ 544, the statute of limitations found in ▪ 546 does not bar his assertion defensively, i.e., as a basis for objecting to Bank of America's secured proof of claim. *S. Bank & Tr. Co. v. Alexander (In re Alexander)*, Nos. 11-74515-SCS, 2014 Bankr. LEXIS 3048 (Bankr. E.D. Va. July 16, 2014)[3]. Likewise, ▪ 502(d) provides that Bank of America's claim must be disallowed if the claim would be avoidable, as opposed to avoided, pursuant to ▪ 544.  So even if time-barred such that the deed of trust could not be "avoided," the deed of trust would still have been "avoidable." 5 COLLIER ON BANKRUPTCY ▪ 546.02 (16th 2018); *Comm. of Unsecured Creditors v. Commodity Credit Corp. (In re K.F. Dairies, Inc.)*, 143 B.R. 734 (B.A.P. 9th Cir. 1992); *In re Stoecker*, 143 B.R. 118, 128 (Bankr. N.D. Ill. 1992), *aff'd in part, rev'd in part*, 143 B.R. 879 (N.D. Ill. 1992); *America West Airlines, Inc. v City of el Paso* (*In re America West Airlines, Inc.*) 38 C.B.C.2d 45, 49, 208 B.R. 476, 479-80 (Bankr. D. Az. 1997), *aff'd*, 218 F.3d 1162, 44 C.B.C.2d 485 (9th Cir. 2000).  The bottom line is that the statute of limitations afforded by ▪ 546 gives Bank of America no refuge.

Finally, Bank of America's arguments that cancellation of its deed of trust does not avoid its lien on the debtor's property, i.e., that recordation only goes to perfection not as the existence

---

[3] *See, e.g.*, *Grant, Konvalinka & Harrison, P.C. v. Still* (*In re McKenzie*), 737 F.3d 1034, 1041-42, (6th Cir. 2013); *El Paso v. Am. W. Airlines, Inc.* (*In re America West Airlines, Inc*.), 271 F.3d 1161, 1168 (9th Cir. 2000); *Comm. of Unsecured Creditors v. Commodity Credit Corp.* (*In re FK Dairies, Inc*.), 143 B.R. 734 (B.A.P. 9th Cir. 1992); *United States Lines, Inc. v. United States* (*In re McLean Indus., Inc*.), 196 B.R. 670 (S.D.N.Y. 1996); *In re Dreier LLP*, 544 B.R. 760, 770-71 (Bankr. S.D.N.Y. 2016); *Litzler v. Cooper (In re Margaux Tex. Ventures, Inc.)*, 545 B.R. 506, 516-19, 528-29 (Bankr. N.D. Tex. 2014); *Lassman v. Poulos (In re American Pie, Inc.)*, 361 B.R. 318 (Bankr. D. Mass. 2007); *In re Asia Glob. Crossing, Ltd.*, 344 B.R. 247 (Bankr. S.D.N.Y. 2006); *Kronz v. Cech* (*In re Romano*), 175 B.R. 585 (Bankr. W.D. Pa. 1994); *In re Stoecker*, 143 B.R. 118 (Bankr. N.D. Ill. 1992) *aff'd in part*, 143 B.R. 879 (N.D. Ill, 1992); *In re Chase & Sanborn Corp.*, 124 B.R. 368 (Bankr. S.D. Fla. 1991); *In re Mid Atl. Fund, Inc.*, 60 B.R. 604 (Bankr. S.D.N.Y 1986). *But see In re Mktg. Ass'n of Am., Inc.*, 122 B.R. 367 (Bankr. E.D. Mo. 1991); *In re Mktg. Res. Int'l Corp.*, 35 B.R. 353 (Bankr. E.D. Pa. 1984).

of the lien, will likewise not carry the day.  Cancellation of the deed of trust did not only eradicate

perfection; it constituted a satisfaction of the underlying debt and reconveyance of any rights Bank

of America had in the Property to the debtor.  N.C. Gen. Stat. ▪ 45-37(g); *Walston v Twiford*, 248

N.C. 691 (1958).

## CONCLUSION

Based upon the foregoing, the trustee's objection to the secured claim of Bank of

America is **ALLOWED**.

## END OF DOCUMENT