IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-75-D

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RODNEY ALLEN MCCOWAN, et al., ) | |
| ) | |
| ) | |
| Appellees. ) | |

Bank of America appeals a 2017 bankruptcy court order reopening a bankruptcy case closed in 2011 and a 2018 bankruptcy court order granting the trustee's motion to revoke abandonment of real property. As explained below, because the bankruptcy court lacked authority to grant relief to the trustee under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(6), the bankruptcy court abused its discretion in reopening the case and granting the trustee's motion to revoke abandonment of real property. Thus, the court reverses the bankruptcy court's orders.

I.

On January 23, 2001, Rodney Allen McCowan ("McCowan" or "debtor") purchased real property located at 1211 Champions Pointe Drive, Durham, North Carolina (the "property"), for $322,500. See [D.E. 9-10] 25. Bank of America loaned McCowan $290,470 to purchase the property. See id. at 26. Bank of America secured its loan with a deed of trust recorded with the Durham County Register of Deeds. See id. In 2002, McCowan began the process of refinancing the loan and signed a new deed of trust. See id. On February 21, 2003, McCowan signed a new

promissory note and a settlement statement that reflected the amount due on the loan. See id. On February 24, 2003, Bank of America recorded the second deed of trust with the Durham County Register of Deeds. See id. at 27. On June 27, 2003, Bank of America erroneously recorded a certificate of satisfaction cancelling the second deed of trust. See id.

Despite the erroneous certificate of satisfaction, McCowan continued to make payments on the refinanced loan. In June 2009, McCowan was delinquent on his payments, and Bank of America and McCowan entered into a loan modification agreement. See [D.E. 9-10] 27. On November 30, 2009, McCowan filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. See [D.E. 9-1]. Bank of America filed a proof of claim in McCowan's bankruptcy proceeding stating that it was a secured creditor in the amount of $288,121.37. See [D.E. 13-1]. Bank of America attached the second deed of trust and the promissory note to the proof of claim but did not attach or mention the erroneous certificate of satisfaction that cancelled the second deed of trust. See id. Similarly, McCowan filed a summary of schedules that stated that the property was subject to a secured claim of $272,604. See [D.E. 9-2] 3.

On August 4, 2010, McCowan converted his Chapter 11 bankruptcy case into a Chapter 7 bankruptcy case. See [D.E. 9-3]. On August 10, 2010, the court appointed a trustee. See [D.E. 9-4]. On January 28, 2011, the trustee filed a Notice of Trustee's Intent to Abandon Property ("abandonment notice") because the trustee determined that the property had no realizable value. See [D.E. 9-5, 9-15]. No party requested a hearing; therefore, the property was deemed abandoned. See [D.E. 22] 9; cf. In re Trim-X, Inc., 695 F.2d 296, 300 (7th Cir. 1982) ("[U]nder the Code a trustee may abandon property without involvement of the court if no party in interest objects to the action."); Tschirn v. Secor Bank, 123 B.R. 215, 217 (E.D. La. 1991). On February 16, 2011, the Chapter 7 bankruptcy case closed. See [D.E. 9-6] 1.

2

On July 19, 2016, Bank of America commenced a judicial foreclosure in Durham County Superior Court concerning the property. See [D.E. 20] 15. On June 22, 2017, McCowan (through counsel) moved to reopen his Chapter 7 bankruptcy case because he did not know that, during the pendency of his bankruptcy case, the deed of trust had been marked satisfied. See [D.E. 9-6, 9-9]. On July 11, 2017, the bankruptcy court held a hearing concerning the motion. See [D.E. 1-2] 1. On September 13, 2017, the bankruptcy court granted McCowan's motion to reopen, reopened his bankruptcy case, and held that the court could revoke the abandonment of the property under certain circumstances. See id. at 4. On September 29, 2017, the trustee moved to revoke the abandonment of the property. See [D.E. 1-1] 1. On November 29, 2017, the bankruptcy court held a hearing concerning the motion to revoke the abandonment of the property. See id. At the end of the hearing, the bankruptcy court announced that it would grant the trustee's motion. See id. On February 9, 2018, the bankruptcy court issued a written order. See id. In granting the trustee's motion, the bankruptcy court relied on Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(6). See id. at 3–4.

II.

Under 28 U.S.C. § 158(a)(1), the district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees." In bankruptcy proceedings, "the concept of finality is more flexibly applied than with regard to district court judgments." Brandt v. Wand Partners, 242 F.3d 6, 13 (1st Cir. 2001); see McDow v. Dudley, 662 F.3d 284, 287 (4th Cir. 2011); In re Comput. Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005). No uniform rule, however, has been developed to determine when an order or judgment is final. See Brandt, 242 F.3d at 13. "[A]n Order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of 28 U.S.C. § 158." In re Kitty Hawk, Inc., 204 F. App'x 341, 343 (5th Cir. 2006) (per

curiam) (unpublished) (alteration omitted); see In re Comput. Learning Ctrs., Inc., 407 F.3d at 660; W.S. Badcock Corp. v. Beaman, No. 4:14-CV-169-BO, 2015 WL 575422, at *1 (E.D.N.C. Feb. 11, 2015) (unpublished).

The bankruptcy court's 2018 order revoking abandonment of the property is a final order because it ends a discrete unit of the larger case. See In re Miller, No. AZ-13-1307-JuKiD, 2014 WL 6883074, at *1–2 (B.A.P. 9th Cir. Dec. 5, 2014) (unpublished) (allowing appeal of order granting motion to revoke abandonment); In re DeGroot, 484 B.R. 311, 313 (B.A.P. 6th Cir. 2012); In re Malden Mills Indus., Inc., 303 B.R. 688, 696 (B.A.P. 1st Cir. 2004). Accordingly, this court has jurisdiction to hear this appeal.

In bankruptcy appeals, a district court reviews a bankruptcy court's legal determinations de novo and its factual findings for clear error. See In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc., 453 F.3d 225, 231 (4th Cir. 2006); In re Plumlee, 236 B.R. 606, 609 (Bankr. E.D. Va. 1999). A district court reviews a bankruptcy court's decision to reopen a case for abuse of discretion. See In re Herzig, 96 B.R. 264, 266 (B.A.P. 9th Cir. 1989); In re McMellon, 448 B.R. 887, 891 (S.D. W. Va. 2011); In re Slali, 282 B.R. 225, 229 (C.D. Cal. 2002). A district court reviews a bankruptcy court's ruling on a Rule 60(b) motion for abuse of discretion. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc); In re Carlson, 372 B.R. 32, 33 (B.A.P. 8th Cir. 2007); In re E-Z Serve Convenience Stores, Inc., 318 B.R. 631, 635 (M.D.N.C. 2004). A district court reviews questions concerning how to apply the statute of limitations de novo. See, e.g., McCullough v. Branch Banking & Tr. Co., 35 F.3d 127, 129 (4th Cir. 1994); In re Castletons, Inc., 154 B.R. 574, 577 (D. Utah 1992), aff'd, 990 F.2d 551 (10th Cir. 1993).

Section 554 of the Bankruptcy Code "provides for two types of abandonment." In re DeGroot, 484 B.R. at 318; see 11 U.S.C. § 554(a). Section 554(a) and 554(b) concern intentional

abandonment. See In re DeGroot, 484 B.R. at 318. Under section 554(a), after notice and a hearing, a trustee may abandon property that is burdensome or that has no value to the estate. 11 U.S.C. § 554(a). Under section 554(b), "a 'party in interest' [can] move for an order directing the trustee to abandon property for the same reasons" as provided in subsection (a). In re DeGroot, 484 B.R. at 319. Section 554(c) provides for "technical abandonment" in which property "that is not administered at the close of the case is considered 'abandoned' by the trustee." In re Smith, No. 06-50738, 2008 WL 4533997, at *2 (Bankr. M.D.N.C. Oct. 6, 2008) (unpublished); see In re Woods, 173 F.3d 770, 776 (10th Cir. 1999); In re DeGroot, 484 B.R. at 319; 11 U.S.C. § 554(c). In other words, intentional abandonment requires notice and a hearing, whereas technical abandonment occurs automatically when the bankruptcy case closes. See In re DeGroot, 484 B.R. at 319; In re Reilly, No. 12-3171 (MAS), 2013 WL 135179, at *4 (D.N.J. Jan. 8, 2013) (unpublished). This case concerns the trustee's January 2011 intentional abandonment under section 554(a). See [D.E. 9-5].

Section 554 does not address revocation of abandonment, and abandonment orders are generally irrevocable. See In re Reiman, 431 B.R. 901, 908 (Bankr. E.D. Mich. 2010); In re Gonzalez, 302 B.R. 687, 691–92 (Bankr. C.D. Cal. 2003). The general rule concerning irrevocability "applies rather strictly" when abandonment occurs under section 554(a) or (b). In re Woods, 173 F.3d at 778; see LPP Mortg., Ltd. v. Brinley, 547 F.3d 643, 649 (6th Cir. 2008); In re Reilly, 2013 WL 135179, at *4 ("Assets abandoned pursuant to a notice of abandonment under § 554(a) or (b) are generally considered 'strictly' irrevocable."). Nonetheless, courts have permitted revocation of abandonment under Federal Rule of Bankruptcy Procedure 9024, which applies Federal Rule of Civil Procedure 60(b) to bankruptcy proceedings. See, e.g., Brinley, 547 F.3d at 649; In re Woods, 173 F.3d at 776–78; In re Reilly, 2013 WL 135179, at *4 & n.3; In re Sas, 488 B.R. 178, 184 (Bankr. D. Nev. 2013).

In granting the trustee's motion to revoke abandonment of the property, the bankruptcy court held that Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b) allowed it to grant the trustee relief from the intentional abandonment of January 28, 2011. See [D.E. 1-1] 3. The bankruptcy court specifically relied on Rule 60(b)(6), which allows courts to grant relief for "a reason that justifies the relief." Id. at 4; see Fed. R. Civ. P. 60(b)(6). The bankruptcy court held that relief was warranted because the trustee justifiably relied on misrepresentations by both Bank of America and the debtor in abandoning the property during the original bankruptcy proceeding and noted that Bank of America should have provided the trustee with the erroneously cancelled deed of trust. See [D.E. 1-1] 4–5.

Bank of America argues that the bankruptcy court erred as a matter of law in relying on Rule 60(b)(6) to grant the trustee's motion. In making this argument, Bank of America notes that when a court commits a legal error, the court abuses its discretion. See Porter v. Zook, 898 F.3d 408, 429 (4th Cir. 2018); In re Wray, 433 F.3d 376, 378 n.* (4th Cir. 2005).

Relief under Rule 60(b)(6) is available only in "extraordinary circumstances." Aikens, 652 F.3d at 500–01; Wadley v. Equifax Info. Servs., LLC, 296 F. App'x 366, 369 (4th Cir. 2008) (per curiam) (unpublished). A party "may not seek relief under Rule 60(b)(6) on any basis that is covered in subsections (1) through (5) of Rule 60(b)." Vinci v. United States, No. 5:17-cv-38-MOC, 2018 WL 1403909, at *2 (W.D.N.C. Mar. 20, 2018) (unpublished), aff'd in relevant part, 732 F. App'x 187 (4th Cir. 2018) (per curiam) (unpublished); see Liljeberg v. Health Servs. Acquistion Corp., 486 U.S. 847, 863–64 & n.11 (1988); Aikens, 652 F.3d at 501. Where an "alleged misrepresentation would be grounds for relief under Rule 60(b)(3), the misrepresentation cannot be a ground for relief under Rule 60(b)(6)." In re Trigee Found., Inc., No. 12-00624, 2017 WL 562425, at *4 (Bankr. D.D.C. Feb. 10, 2017) (unpublished); see In re Toney, 524 B.R. 908, 913–14 (Bankr. N.D. Ga.

2015); In re Reiman, 431 B.R. at 910; In re Johnson, 361 B.R. 903, 910 (Bankr. D. Mont. 2007). In other words, Rule 60(b)(6) "requires something more than circumstances covered by the first five clauses. And those circumstances must include extreme and undue hardship in an unusual situation where principles of equity mandate relief." In re Reiman, 431 B.R. at 910 (quotations and emphasis omitted); see Liljeberg, 486 U.S. at 863–64 & n.11; Aikens, 652 F.3d at 501; In re Morris, No. 08-36702, 2018 WL 1321343, at *4 (Bankr. N.D. Ohio Mar. 13, 2018) (unpublished).

The bankruptcy court held that the trustee relied on misrepresentations from the debtor and Bank of America concerning the lien on the property. See [D.E. 1-1] 3–4. The trustee's alleged reliance on misrepresentations means that the trustee could have sought relief under Rule 60(b)(3), which allows a party to seek relief from a final order when there has been fraud, misrepresentation, or misconduct by an opposing party. See Fed. R. Civ. P. 60(b)(3).[1] However, in this case, relief is not available to the trustee under Rule 60(b)(3) because Rule 60(b)(3) has a one-year statute of limitations after entry of the judgment or order. Moreover, a court cannot use Rule 60(b)(6) to avoid the one-year limitation period in Rule 60(b)(3). See Liljeberg, 486 U.S. at 863–64 & n.11; Hesling v. CSX Transp., Inc., 396 F.3d 632, 643 (5th Cir. 2005); Warren v. Garvin, 219 F.3d 111, 114 (2d. Cir. 2000); Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986); United States v. Montalvo, No. CR 89-00062 WBS GGH, 2013 WL 5705711, at *2 (E.D. Cal. Oct. 16, 2013) (unpublished); Buffalo Teachers Fed'n v. Tobe, 852 F. Supp. 2d 344, 349–50 (W.D.N.Y. Feb. 10, 2012), aff'd, 514 F. App'x 57 (2d Cir. 2013) (per curiam) (unpublished); Hindi v. Toyota Motor Corp., No. 2:05-CV-11-TJW, 2011 WL 865488, at *4 (E.D. Tex. Mar. 10,

---

[1] Bank of America is an opposing party to the trustee. See In re Lewis Rd., LLC, No. 09-37672, 2011 WL 6140747, at *7 (Bankr. E.D. Va. Dec. 9, 2011) (unpublished) (holding that a party with an economic interest that would lessen the value of the bankruptcy estate has an interest adverse to the estate).

2011) (unpublished). Accordingly, the bankruptcy court lacked authority to grant the trustee's motion under Rule 60(b)(6) and abused its discretion in doing so.

Alternatively, McCowan argues that even if Rule 60(b)(6) does not provide authority for the relief, the bankruptcy court had the inherent authority to grant the motion to revoke abandonment. See [D.E. 22] 22. In support, McCowan cites In re Lintz West Side Lumber, Inc., 655 F.2d 786 (7th Cir. 1981). In Lintz, the United States Court of Appeals for the Seventh Circuit held that bankruptcy courts have broad equitable and discretionary power to reconsider prior orders. See id. at 789. The Tenth Circuit and the Sixth Circuit, however, have held that a bankruptcy court's power to grant a motion to revoke abandonment derives from Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b) because these rules strike the appropriate balance between affording relief in appropriate circumstances and promoting finality of judgments. See Brinley, 547 F.3d at 649–50; In re Woods, 173 F.3d at 778.

The reasoning of the Tenth Circuit and the Sixth Circuit in Woods and Brinley is more persuasive than Lintz. See Brinley, 547 F.3d at 649–50; In re Woods, 173 F.3d at 778. Accordingly, the bankruptcy court did not have inherent equitable authority to grant the motion to revoke abandonment. See, e.g., In re Gonzalez, 302 B.R. at 693.

McCowan also cites 11 U.S.C. § 105(a) which provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the bankruptcy code. 11 U.S.C. § 105(a); see [D.E. 22] 22–23. Section 105(a) does not provide the bankruptcy court with inherent authority to grant the motion to revoke abandonment. A bankruptcy court cannot properly invoke section 105 where it would conflict with another code section or rule. See Moushigian v. Marderosian, 764 F.3d 123, 128 (1st Cir. 2014); In re Apex Int'l Mgmt. Servs., Inc., 215 B.R. 245, 250 (Bankr. M.D. Fla. 1997).

As for the bankruptcy court's 2017 order reopening the bankruptcy case that was closed in 2011, a bankruptcy court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); see In re Shegog, No. 05-52434-FJS, 2008 WL 4279470, at *2 (Bankr. E.D. Va. Sept. 9, 2008) (unpublished). The bankruptcy code does not define "cause," and bankruptcy courts have discretion in determining whether to reopen a case. See In re Shegog, 2008 WL 4279470, at *2; In re Plumlee, 236 B.R. at 610. A bankruptcy court, however, should not reopen a case when the governing law makes relief in the reopened case futile. See Horizon Aviation of Va., Inc. v. Alexander, 296 B.R. 380, 382 (E.D. Va. 2003). As discussed, the bankruptcy court did not have legal authority under Rule 60(b)(6) to grant the trustee's motion to revoke abandonment of the property. Accordingly, reopening the case was futile, and the bankruptcy court should not have done so.

III.

In sum, the court REVERSES the bankruptcy court's orders.

SO ORDERED. This __8__ day of October 2018.

*J. Dever*
JAMES C. DEVER III
Chief United States District Judge